800 A.2d 173 (2002)
352 N.J. Super. 313
STATE of New Jersey, Plaintiff-Appellant,
v.
Eric GOULD, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Submitted April 30, 2002.
Decided June 27, 2002.
*174 Donald C. Campolo, Acting Prosecutor of Essex County, attorney for appellant (Joan E. Love, Special Deputy Attorney General, of counsel and on the brief).
Peter A. Garcia, Acting Public Defender, attorney for respondent (Christopher P. Morrison, Assistant Deputy Public Defender, of counsel and on the brief).
Before Judges SKILLMAN, WALLACE, Jr., and WELLS.
The opinion of the court was delivered by WELLS, J.A.D.
The State appeals, pursuant to N.J.S.A. 2C:44-1f(2), from the imposition of a probationary sentence on defendant Eric Gould, a second degree offender. However, because the State did not appeal within the ten-day period allowed by the statute while at the same time Gould commenced serving probation, we are constrained to dismiss the appeal. State v. Sanders, 107 N.J. 609, 616, 527 A.2d 442 (1987); State v. Watson, 183 N.J.Super. 481, 444 A.2d 603 (App.Div.1982). Failing to do so would expose Gould to double jeopardy, which it is the policy underlying the statute to avoid. Sanders, supra, 107 N.J. at 618-21, 527 A.2d 442.
The facts are not in dispute. Gould was indicted for first degree robbery, second degree conspiracy to commit robbery and second degree aggravated assault. Pursuant to a plea agreement whereby the first degree robbery was amended to the second degree offense, Gould pled to the amended charge and the other charges. The State recommended a custodial sentence not to exceed five years. During the plea proceedings on March 19, 2001, Gould admitted to repeatedly hitting a woman who worked at the convenience store which he and another defendant planned to rob, causing bleeding, breaking her bones and rendering her unconscious. The woman was 65 years old.
On July 20, 2001, Gould was sentenced. The court had received two psychological reports indicating that Gould was mildly retarded. The court merged the conspiracy charge with the underlying robbery. Relying on State v. Jarbath, 114 N.J. 394, 555 A.2d 559 (1989), and finding that exceptional circumstances existed, the judge sentenced Gould to seven years probation on both the robbery and the assault convictions to be served concurrently, subject to conditions. Those conditions were:

*175 Defendant is to undergo psychiatric evaluation in the next 45 days which is to include an evaluation for any appropriate drug therapy related to any psychological disorder or condition. Mr. Gould is to continue to be under the care of a psychologist and/or psychiatrist as arranged by medical evaluation and to take any prescribed medications; Mr. Gould is to participate in an association of retarded citizens program; Mr. Gould is to reside with a family member; Mr. Gould is to continue to be employed, to seek employment if he becomes unemployed, to participate in job training as necessary; Mr. Gould is to complete his GED; Mr. Gould is not to possess any weapon including any handgun; Mr. Gould is not to have any contact with the victim; Mr. Gould is to pay any arrearages owed to the probation department; Mr. Gould is to submit to electronic monitoring for a period of twelve months; and Mr. Gould is to report, along with his father, to this court in six months, which date is February 22, 2002; Mr. Gould is to regularly report to the probation department.
The prosecutor immediately indicated the State's intent to appeal pursuant to N.J.S.A. 2C:44-1f(2) and the following colloquy with the judge ensued:
MR. FOY: The State does have one application at this time, pursuant to 2C:44-1f(2). The State now moves for a stay of sentence to afford the State the opportunity to perfect an appeal.
THE COURT: Mr. Hartwyk.
MR. HARTWYK: Judge, I see no basis for a stay. If the State wants to pursue an appeal, they can do so
MR. FOY: Your Honor, specifically
MR. HARTWYK:with due proce
MR. FOY:within the statute previously cited, such a sentence, as imposed by the court today, does not become final foruntil 10 days after the sentence date in order to permit the appeal, as affirmed in State v. Sanders, 107 N.J. 609, 527 A.2d 442.
THE COURT: I'm not staying the sentencing, Mr. Foy, because this is a non-custodial sentence. A result of a stay would mean that Mr. Gould would continue to be out without being sentenced. You have 10 days. The State has 10 days. Certainly, whatever the appellate rights are that the State wishes to assert, it will avail itself of, but I am not staying this sentencingthe effective sentencing.
The next business day Gould reported to the probation office and formally began to serve the terms and conditions of his probation. On July 27, 2001, the Essex County Prosecutor's Office attempted to file a notice of appeal. That notice was, however, sent to the Appellate Bureau of the Attorney General's Office in Trenton and never reached the Clerk of the Appellate Division. Furthermore, the attorney who represented Gould, a pool attorney working for the Public Defender's Office, Christopher Hartwyk, denied that he received a copy of the notice of appeal. Indeed, a prosecutor's certification of service in its file captioned State v. John Boyd showed that a notice of appeal was served on "Christopher Hartwyk, Assistant Public Defender, c/o Office of the Public Defender, 31 Clinton Street, Newark [.]" A certification from the office of the Public Defender stated that Hartwyk was not an Assistant Public Defender and did not maintain an office at 31 Clinton Street.
In the meantime, the judge noticed the parties that the court had made an error in sentencing and directed the parties to appear for re-sentencing on July 31, 2001. The parties appeared. The State indicated that it had "already taken an appeal." The judge revisited all of the sentencing *176 issues. Finding, once again, that exceptional circumstances existed, the judge re-sentenced Gould on the merged second degree offenses to a probation period of four years and on the assault charge to a probation period of three years, those periods to run consecutively. The conditions of probation remained the same as the prior sentence.
Once again Gould reported to the probation department following the imposition of his re-sentence. Ten days passed. The State did not file a new or amended appeal of the judge's re-sentence. In late September, the Essex County Prosecutor, apparently believing its appeal had been misfiled by the court, filed a motion to file a late notice of appeal nunc pro tunc. In a letter accompanying the motion, the claim is made that the original Notice of the Appeal had been timely filed and served. There was no mention that Gould had been on probation since July 20, 2001. Furthermore, an attached certification stated that the State's position was that the sentence imposed upon Gould was illegal, and, therefore, appealable in the normal course. The certification asked this court to relax the forty-five day period to file an appeal because an illegal sentence can be corrected at any time without impinging upon double jeopardy principles. A single judge of this court granted the application on October 1, 2001. Because the appeal related to the sentence only, the State requested that case be docketed on our excessive sentence calendar.
Prior to argument, through counsel, Gould asserted that the State's appeal was out-of-time, that he had begun serving his sentence and that we lacked jurisdiction. He relied on Sanders, supra, 107 N.J. at 616, 527 A.2d 442 ("Strict compliance with the terms of the statute is required; failure to perfect on appeal within the ten-day period will result in dismissal of the State's appeal"), and Watson, 183 N.J.Super. at 484, 444 A.2d 603 (holding that the failure to appeal within ten days deprives the court of jurisdiction.) At argument we explored those factual and legal contentions in detail, particularly when and how Gould had commenced his term of probation, and continued the hearing pending receipt of further certifications. Upon receiving and considering them, we directed further briefs on the jurisdictional issues. The matter was then placed on a formal calendar.
At the outset, we note that jurisdictional and double jeopardy concerns do not arise from the judge's initial sentence. That sentence, because it imposed periods of probation in excess of five years, was illegal and would have permitted the State to appeal at any time even though Gould had begun to serve on probation. N.J.S.A. 2C:45-2a; State v. Parolin, 339 N.J.Super. 10, 13-14, 770 A.2d 1204 (App. Div.2001), rev'd on other grounds, 171 N.J. 223, 793 A.2d 638 (2002). No expectation of finality can arise from an illegal sentence.
However, a different situation arises after the re-sentencing. The illegal sentence having been corrected, there only remained to the State its right to appeal within ten days from July 31, 2001 on the ground that the judge had abused her discretion in sentencing a second degree offender to a period of probation. N.J.S.A. 2C:44-1f(2). At the same time, Gould should have been directed not to report to probation pending the State's decision to appeal as a precaution against the very situation before usthe assertion of jurisdictional and double jeopardy bars to the appeal. Watson, supra, 183 N.J.Super. at 484, 444 A.2d 603. As a result, Gould continued to serve not only the initial ten day period but all through the balance of August and September, a period of 52 days, until the State finally recognized *177 its mistake and applied to us for relief nunc pro tunc.
It is at this point that that mistake comes most to the forefront. Lulled into inaction by its belief that it had properly appealed on July 27, the State acknowledges that it failed to appeal the re-sentencing or to file an amended appeal before the expiration of the statutory ten day period. Furthermore, it failed to disclose to this court on its application to file a late appeal nunc pro tunc the significant fact that Gould had been continuously serving on probation since August 1, 2001. Under both Sanders and Watson, the fact of the late notice combined with the commencement of Gould's probationary terms raised the question of our jurisdiction and exposed Gould to double jeopardy.
Under the above circumstances, we are constrained to vacate as without jurisdiction our grant of the State's motion to file a late notice of appeal nunc pro tunc and to dismiss the appeal. Sanders, supra, 107 N.J. at 616, 527 A.2d 442; Watson, supra, 183 N.J.Super. at 484, 444 A.2d 603. In Watson, the State's appeal was two days late and we dismissed the appeal for lack of jurisdiction under N.J.S.A. 2C:44-1f(2). 183 N.J.Super. at 483-484, 444 A.2d 603. Here it was not until 52 days later that the State attempted to appeal. It follows that the result must be the same.
Appeal dismissed.