869 A.2d 473 (2005)
376 N.J. Super. 163
STATE of New Jersey, Plaintiff-Appellant,
v.
Gregory JOHNSON, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Telephonically argued January 28, 2005.
Decided March 24, 2005.
*475 Karyn M. Pizzelanti, Assistant Prosecutor, argued the cause for appellant (Edward J. DeFazio, Hudson County Prosecutor, attorney; Ms. Pizzelanti, on the brief).
Paul Casteleiro, Hoboken, argued the cause for respondent.
Before Judges SKILLMAN, PARRILLO[1] and GRALL.
The opinion of the court was delivered by
GRALL, J.A.D.
The State appeals from the sentence imposed following defendant Gregory Johnson's conviction for reckless manslaughter, in violation of N.J.S.A. 2C:11-4b(1), which is a crime of the second degree. Defendant was sentenced to a term appropriate for a crime of the third degree, N.J.S.A. 2C:44-1f(2), and did not receive the eighty-five percent parole disqualification term and the three-year parole supervision term required by the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.
The case requires us to consider whether the next-business-day rule applies in computing the ten-day, statutory period within which the State may file a notice of appeal from a discretionary, downgraded sentence pursuant to N.J.S.A. 2C:44-1f(2). Our jurisdiction to address the State's appeal from a discretionary sentence is dependent upon the State's timely filing. State v. Watson, 183 N.J.Super. 481, 484, 444 A.2d 603 (App.Div.), certif. denied, 91 N.J. 530, 453 A.2d 853 (1982). We conclude that the next-business-day rule applies and that we have jurisdiction to address the State's challenge to the discretionary sentence, which is dependent upon N.J.S.A. 2C:44-1f(2),[2] as well as the State's challenge to the illegal sentence, which is not dependent upon statutory authorization, State v. Parolin, 339 N.J.Super. 10, 13-14, 770 A.2d 1204 (App.Div.2001), rev'd on other grounds, 171 N.J. 223, 227, 793 A.2d 638 (2002) (rejecting *476 defendant's challenge to the State's appeal for reasons stated by this court). Because a NERA sentence is required, and defendant's sentence is illegal, N.J.S.A. 2C:43-7.2, we reverse and remand for imposition of a NERA sentence. Because the trial judge did not address all the statutory criteria authorizing a "downgraded" sentence, N.J.S.A. 2C:44-1f(2), we remand for reconsideration under the proper standards.
On January 11, 2000, defendant's brother Vincent Johnson and Joseph Alexander argued and fought outside defendant's apartment. A crowd gathered. Defendant, who was in his apartment, heard noise, looked outside and saw the fight. He grabbed a baseball bat, went out and hit Alexander in the head with the bat. On January 20, 2000, Alexander died as a result of the injury he sustained.
A grand jury indicted defendant for murder, in violation of N.J.S.A. 2C:11-3, for possessing a weapon, the baseball bat, under circumstances not manifestly appropriate for its use, in violation of N.J.S.A. 2C:39-5d, and for possessing the weapon with the purpose of using it unlawfully, in violation of N.J.S.A. 2C:39-4d. Defendant was tried to a jury and convicted of the weapons offenses and reckless manslaughter, a lesser included offense of murder.
On January 29, 2004, the trial judge denied the State's motion to impose the eighty-five percent parole disqualification term and the special three-year parole supervision terms required by NERA. N.J.S.A. 2C:43-7.2 (as adopted by L. 1997, c. 117, § 2). She concluded that NERA did not apply because the jury had not been asked to determine that this manslaughter was a "violent crime" within the meaning of the law. Ibid.
On March 11, 2004, the judge sentenced defendant. The judge merged defendant's convictions for weapons offenses with his conviction for manslaughter. She considered the statutory aggravating and mitigating factors. She found one aggravating factor, the need to deter defendant and others from violating the law. N.J.S.A. 2C:44-1a(9). She found four mitigating factors: defendant had otherwise led a law-abiding life, N.J.S.A. 2C:44-1b(7); his conduct was the result of circumstances unlikely to reoccur, N.J.S.A. 2C:44-1b(8); defendant's character and attitude indicate that it is unlikely he will commit another offense, N.J.S.A. 2C:44-1b(9); and, defendant is particularly likely to respond affirmatively to probationary treatment, N.J.S.A. 2C:44-1b(10). The judge was "satisfied" that the mitigating factors "substantially" outweighed the aggravating and imposed the presumptive term for a third degree crime, four years. She did not impose the NERA parole disqualification and parole supervision terms. Defendant was incarcerated following imposition of sentence.
On March 18, 2004, the judge entered an order granting the State's application to stay defendant's sentence to permit an appeal pursuant to N.J.S.A. 2C:44-1f(2). She denied bail pending appeal. On Monday, March 22, 2004, the State filed its notice of appeal. Defendant did not apply to this court for bail pending appeal. R. 2:9-4. Judgment of conviction was entered on March 24, 2004, and defendant was released on parole on January 10, 2005.
We agree with the State that the judge was required to impose NERA sentences and that defendant's sentence is illegal because it does not include the provisions mandated by NERA, N.J.S.A. 2C:43-7.2. We apply the NERA provisions in effect on the date of the crime. See State v. Parolin, 171 N.J. 223, 233, 793 A.2d 638 (2002). That statute required *477 NERA sentences for any "violent crime" of the first or second degree, N.J.S.A. 2C:43-7.2a (as adopted by L. 1997, c. 117, § 2, effective until June 29, 2001, when amended by L. 2001, c. 129, § 1). The statute defined "violent crime" to include "any crime in which the actor causes death." Ibid. As we held in State v. Newman, 325 N.J.Super. 556, 560-63, 740 A.2d 153 (App.Div.1999), certif. denied, 163 N.J. 396, 749 A.2d 370 (2000), manslaughter, which requires proof that the defendant recklessly caused the death of another, meets that definition. See N.J.S.A. 2C:11-2; N.J.S.A. 2C:11-4b(1).
The judge erred in concluding that a separate jury finding on whether this manslaughter was a "violent crime" was required under the Supreme Court's decision in State v. Johnson, 166 N.J. 523, 766 A.2d 1126 (2001). In Johnson, the Court held that a post-trial hearing in which a judge finds a NERA predicate, see N.J.S.A. 2C:43-7.2e (deleted by L. 2001, c. 129, § 1), is not constitutionally adequate and "that the factual predicate for a NERA sentence must be found by a jury under the `beyond a reasonable doubt' standard." Johnson, supra, 166 N.J. at 543-44, 766 A.2d 1126. A jury verdict of guilty on a charge of manslaughter includes that finding.
Following Johnson, Rule 3:19-1 was amended to implement the Court's holdings in that case. The amended rule, which was in place when defendant was tried, requires use of a written verdict sheet "in those cases in which the jury must find the factual predicate [for NERA sentences] ... unless that factual predicate is an element of the offense." R. 3:19-1(b) (emphasis added); see Pressler, Current N.J. Court Rules, comment on R. 3:19-1(b) (2005). Where the verdict necessarily includes the factual predicate, no separate finding is required. See State v. Thomas, 166 N.J. 560, 570-71, 767 A.2d 459 (2001); Johnson, supra, 166 N.J. at 545, 548-49, 766 A.2d 1126; State v. Natale, 348 N.J.Super. 625, 632-35, 792 A.2d 565 (App.Div.2002), aff'd o.b., 178 N.J. 51, 834 A.2d 1024 (2003) (separate finding required where NERA predicate was not a necessary element of the crime).
Accordingly, defendant's sentence is illegal. At the hearing on the State's application for NERA sentencing, the judge was required to grant the State's application based upon defendant's conviction, and at sentencing, the judge was required to "fix a minimum term of 85% of the sentence during which the defendant shall not be eligible for parole" and to impose a three-year term of parole supervision. N.J.S.A. 2C:43-7.2a, c (as adopted by L. 1997, c. 117, § 2). These sentences were mandatory, regardless of the judge's decision to exercise her discretion to impose a sentence appropriate for a crime of the third degree pursuant to N.J.S.A. 2C:44-1f(2). State v. Cheung, 328 N.J.Super. 368, 371, 746 A.2d 38 (App.Div.2000). We reverse and remand for amendment of the judgment of conviction to include the NERA sentences.
This correction of defendant's illegal sentence does not offend well-established principles of double jeopardy. An illegal sentence may be corrected at any time because a defendant has no expectation that an illegal sentence is final. State v. Baker, 270 N.J.Super. 55, 72-77, 636 A.2d 553 (App.Div.), aff'd o.b., 138 N.J. 89, 648 A.2d 1127 (1994); see also State v. Horton, 331 N.J.Super. 92, 97-100, 751 A.2d 141 (App.Div.2000) (distinguishing illegality and erroneous exercise of discretion); State v. Eigenmann, 280 N.J.Super. 331, 336-37, 346-48, 655 A.2d 452 (App.Div.1995) (same).
*478 The State's right to appeal defendant's "downgraded" sentence is dependent upon the State's compliance with N.J.S.A. 2C:44-1f(2), which authorizes such appeals and gives a defendant notice of the potential for an increase in sentence as a result of a timely appeal. State v. Watson, 183 N.J.Super. 481, 484, 444 A.2d 603 (App.Div.), certif. denied, 91 N.J. 530, 453 A.2d 853 (1982); N.J.S.A. 2C:44-1f(2); see also United States v. DiFrancesco, 449 U.S. 117, 118-21, 137, 101 S.Ct. 426, 427-29, 438, 66 L.Ed.2d 328, 333-35, 346 (1980). N.J.S.A. 2C:44-1f(2) provides that a "downgraded" sentence "shall not become final for 10 days in order to permit the appeal of such sentence by the prosecution." "[F]ailure to perfect an appeal within the ten-day period will result in dismissal of the State's appeal." State v. Sanders, 107 N.J. 609, 616, 527 A.2d 442 (1987).
Because the statutory ten-day requirement is jurisdictional, Watson, supra, 183 N.J.Super. at 484, 444 A.2d 603, we are required to consider whether we should apply the next-business-day rule, included in Rule 1:3-1, when considering whether the State's appeal is timely. Under that rule, if the tenth day after sentencing is a Saturday, Sunday or legal holiday then a filing on the next business day is timely. R. 1:3-1. We conclude that the rule applies.
The Code of Criminal Justice does not address the issue. Cf. N.J.S.A. 2C:1-2d (noting that the code limits the State's right to appeal pursuant to the Rules of Court without addressing whether the Rules of Court apply in computing time for an appeal authorized only by statute). In the absence of legislative direction, our courts have held that a statutory time period for filing should be computed as provided in Rule 1:3-1. See State v. Rhodes, 11 N.J. 515, 522-25, 95 A.2d 383 (1953) (date on which an indictment must be filed to be within the statute of limitations); Estate of Harrington v. City of Linden, 338 N.J.Super. 500, 503, 770 A.2d 284 (App.Div.2001) (date for filing a notice of tort claim within permissible period); State v. Jones, 181 N.J.Super. 549, 553, 438 A.2d 581 (Law Div.1981) (date for filing of civil forfeiture action within permissible period). In Rhodes, the Supreme Court held that the two-year period for the State to return an indictment expired on a Monday, rather than on the Sunday that was two years from the date on which the period commenced. The Court reasoned that computation of the period in accordance with the well-established principle of the next-business-day rule provided desirable uniformity and certainty. Id. at 524, 95 A.2d 383.
Application of well-established principles for computation of time is consistent with the court's obligation to ensure that the State's right of appeal does not defeat a defendant's reasonable expectation that his or her sentence is final. Sentencing appeals by the State implicate the prohibitions against multiple punishment incorporated in the double jeopardy provisions of the Federal and State Constitutions. Roth, supra, 95 N.J. at 342-43, 471 A.2d 370. Such appeals are constitutionally permissible when authorized by statute. DiFrancesco, supra, 449 U.S. at 131-43, 101 S.Ct. at 434-40, 66 L.Ed.2d at 341-50 (1980); Roth, supra, 95 N.J. at 343, 471 A.2d 370. Because defendants are charged with notice of the statute, they have no reasonable expectation that their sentences will be final until either the time for appeal expires without appeal by the State or a timely appeal is resolved. N.J.S.A. 2C:44-1f(2); see DiFrancesco, supra, 449 U.S. at 133-38, 101 S.Ct. at 435-38, 66 L.Ed.2d at 343-47; Roth, supra, 95 N.J. at 342-45, 471 A.2d 370; State v. *479 Gould, 352 N.J.Super. 313, 318, 800 A.2d 173 (App.Div.2002). Computation of the ten-day period in accordance with well-established, uniform rules provides such notice. See Rhodes, supra, 11 N.J. at 524, 95 A.2d 383.
It is clear that this defendant had no reasonable expectation that his sentence became final before the State filed its notice. On the seventh day after sentencing, the State moved before the trial court for a stay pending appeal. The prosecutor advised:
[T]he State intends to perfect an appeal in this matter regarding the sentence in this case on the two-prong approach NERA application, and also, on the downgrading of a second degree to a third degree. N.J.S.A. 2C:44-1f(2). I believe there's an automatic ten-day stay.
The State has prepared an order to stay the sentence and I will tell the court, the papers are prepared and with the exception of inserting today's date ... this will be filed today. I would ask the court to sign the stay, then we may move to the issue of bail.
Defense counsel argued, "Very briefly, judge. [A]lthough [the prosecutor] stated she will file the appeal, the stay is conditioned on her filing the appeal. They have to file the appeal within ten days." The trial judge stayed defendant's sentence and denied bail pending appeal.[3]Cf. Sanders, supra, 107 N.J. at 617 & n. 7, 527 A.2d 442 (noting that the bail hearing should be held after the notice of appeal is filed). On appeal the court, not defendant, questioned whether the next-business-day rule should apply.
We see no reason not to apply the next-business-day rule in calculating the period for timely appeal pursuant to N.J.S.A. 2C:44-1f(2). As in other contexts, application of the well-established rules for computation of time included in Rule 1:3-1 will provide consistency and thereby certainty about the date for finality. Accordingly, we hold that the ten-day period commences on the day after sentence is pronounced and that the date on which the notice is filed "is included unless it is a Saturday, Sunday or legal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday nor legal holiday." R. 1:3-1. Applying that rule, we conclude that this aspect of the State's appeal is timely and address the merits.
The trial judge did not make all of the findings necessary to "downgrade" this sentence. N.J.S.A. 2C:44-1f(2) provides:
In cases of convictions for crimes of the first or second degree where the court is clearly convinced that the mitigating factors substantially outweigh the aggravating factors and where the interests of justice demands, the court may sentence the defendant to a term appropriate to a crime of one degree lower than that of the crime for which he was convicted....
[N.J.S.A. 2C:44-1f(2).]
As the Supreme Court has explained, identification and balancing of aggravating and mitigating factors is not sufficient in determining *480 whether to impose a sentence appropriate for a crime of one degree lower than the crime for which the defendant was convicted. State v. Megargel, 143 N.J. 484, 502, 673 A.2d 259 (1996). The judge must be "clearly convinced" that the mitigating factors "substantially" outweigh the aggravating and make a separate determination about the "interest of justice." Id. at 501-02, 505, 673 A.2d 259. Only "compelling" circumstances, in addition to and separate from the mitigating factors, warrant the conclusion that a reduced sentence is "in the interest of justice." Id. at 501-02, 673 A.2d 259. A judge invoking this statutory authority for a lenient sentence must clearly state the findings and explain the reasons that support the decision, including those that led the judge to conclude that a "downgraded" sentence is more appropriate than the lowest sentence for the crime for which the defendant was convicted. Id. at 502, 673 A.2d 259. Because the judge did not address these issues, we remand for reconsideration in light of the statutory criteria and the Supreme Court's decision in Megargel. We express no opinion on the proper outcome.
Reversed and remanded for reconsideration of the term imposed for manslaughter and entry of the sentence required pursuant to N.J.S.A. 2C:43-7.2.
NOTES
[1] Judge Parrillo did not participate in oral argument. However, the parties consented to his participation in the decision.
[2] N.J.S.A. 2C:44-1f(2) also applies when the State appeals from imposition of "a noncustodial or probationary sentence upon conviction for a crime of the first or second degree, such sentence shall not become final for 10 days in order to permit the appeal of such sentence by the prosecution."
[3] Defendant's service of sentence after denial of bail pending appeal does not preclude an increase of sentence after a timely appeal is filed because there is no reasonable expectation of finality. See Sanders, supra, 107 N.J. at 616-17, 617 n. 8, 527 A.2d 442; State v. Rodriguez, 97 N.J. 263, 270, 478 A.2d 408 (1984) (explaining that the Court's prior decision in State v. Ryan, 86 N.J. 1, 429 A.2d 332, cert. denied, 454 U.S. 880, 102 S.Ct. 363, 70 L.Ed.2d 190 (1981), "can be understood to hold that the commencement of sentence coupled with the defendant's expectation of finality" bar an increase in sentence).