922 A.2d 813

STATE OF NEW JERSEY, PLAINTIFF–APPELLANT, v.
BRETT KEARNS, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted April 23, 2007—Decided May 15, 2007.

Before Judges LINTNER, S.L. REISNER and C.L. MINIMAN.

*Bruce J. Kaplan,* Middlesex County Prosecutor, attorney for appellant (*Simon Louis Rosenbach,* Assistant Prosecutor, of counsel and on the brief).

*Yvonne Smith Segars,* Public Defender, attorney for respondent (*Joel M. Harris,* Designated Counsel, of counsel and on the brief).

The opinion of the court was delivered by

LINTNER, J.A.D.

The State appeals from a sentence imposed following a revocation of probation asserting the judge erred in failing to impose a mandatory No Early Release Act (NERA), *N.J.S.A.* 2C:43–7.2, term of parole ineligibility. We agree and remand to correct the sentence imposed.

On February 19, 2003, defendant, Brett Kearns, was indicted by a Middlesex County grand jury with one count of second-degree robbery, *N.J.S.A.* 2C:15–1. On June 16, 2003, pursuant to a negotiated plea agreement, defendant pled guilty to the indictment. The State agreed that it would recommend a sentence of five years with eighty-five percent parole ineligibility pursuant to NERA. The plea agreement provided that the sentence would be delayed until completion of a drug rehabilitation program at Renaissance. The prosecutor "consent[ed] to a motion to recon-

sider after 4 months and positive performance in the [rehabilitation] institution."

On December 8, 2003, defendant was sentenced to a five-year term of imprisonment with an eighty-five percent period of parole ineligibility. At sentencing, the judge noted that the prosecutor "acquiesced in [defendant's] making a motion ... asking ... to modify [the] sentence" and reminded counsel that such a motion under *R.* 3:21-10 must be made within sixty days. On December 18, 2003, defendant filed his motion to reduce the sentence pursuant to *R.* 3:21-10(a). On the return date of the motion, the prosecutor acknowledged that defendant had "cooperat[ed] ... substantial[ly]" with the plea agreement and agreed that "as soon as [defendant] serves his four months the deal is a deal. I don't have a problem with him getting out." Based upon the State's consent, the judge converted defendant's sentence to five years of probation on condition that he serve four months in jail. The judgment was amended accordingly.

In 2004, defendant violated probation by failing to report to the probation office on several occasions, failing to cooperate with the probation office, and by failing mandatory drug screenings. On April 1, 2005, defendant pled guilty to violating probation. A sentencing hearing was held on April 11, 2005. The State sought a reinstatement of the original term of five years with the NERA period of parole ineligibility. It argued that the judge had no discretion to waive a NERA sentence and that allowing defendant to make a motion to reconsider the sentence was improper and the court's decision to sentence defendant to probation was illegal. Defendant argued for a sentence of either 364 days in the County facility or a flat three-year term.

Noting that defendant was being sentenced for violation of probation rather than the robbery conviction, the judge questioned whether he had authority to impose the NERA period of parole ineligibility. The judge sentenced defendant to a term of fifty-four months (four years and six months) of incarceration with a

fifty-percent period of parole ineligibility. On May 31, 2005, the State filed its Notice of Appeal.

On appeal, the State does not challenge the imposition of the fifty-four month sentence, only the failure on the part of the judge to impose the eighty-five percent period of parole ineligibility. It raises the following point:

THE COURT WAS REQUIRED TO IMPOSE A NERA SENTENCE UPON THE VIOLATION OF PROBATION.

Defendant counters, asserting (1) the State's Notice of Appeal, filed fifty days after the date of sentencing, was untimely and (2) the judge was not required to impose a NERA sentence.

█ We first consider the judge's apparent belief that he could not impose a NERA sentence because the original five-year NERA sentence had been modified, pursuant to *R.* 3:21–10, to five-years of probation conditioned on defendant serving 120 days in jail. *R.* 3:21–10 permits a defendant to move to reduce or change a sentence. Subsection (a) of the Rule requires the motion to be filed within sixty days after the judgment of conviction. Subsection (b) of the Rule provides exceptions to the sixty-day filing requirement, allowing the motion to be filed "at any time" under the six enumerated circumstances, one of which is "for good cause shown upon the joint application of the defendant and prosecuting attorney." *R.* 3:21–10(b)(3); *see State v. Mendel,* 212 *N.J.Super.* 110, 112–13, 514 *A.*2d 67 (App.Div.1986). Here, the motion to amend was consented to by the State, thus falling under the third exception of subsection (b). Therefore, its timing was not as critical as initially perceived by the judge.

█ The judge reasoned that the application under *Rule* 3:21–10 to reduce the sentence in accordance with the terms of the plea agreement prevented him from later imposing the statutorily mandated NERA period of parole ineligibility after defendant violated the terms of his probation. However, a "sentence imposed after revocation of probation should be viewed as focusing on the original offense rather than on the violation of probation as a separate offense." *State v. Ryan,* 86 *N.J.* 1, 8, 429 *A.*2d 332,

*cert. denied,* 454 *U.S.* 880, 102 *S.Ct.* 363, 70 *L.Ed.*2d 190 (1981). "When the court revokes ... probation, it may impose on the defendant any sentence that might have been imposed originally for the offense of which he was convicted." *N.J.S.A.* 2C:45–3b.

Defendant was convicted of second-degree robbery. The reduction of defendant's sentence upon application under *R.* 3:21–10(a) represented "only a modification" of the sentence imposed on the second-degree robbery conviction pursuant to the plea bargain under which the State agreed that defendant could be re-sentenced to probation. *See Ryan,* 86 *N.J.* at 14, 429 *A.*2d 332. As such, it "resulted only in a suspension of the execution of his original sentence pending successful completion of the ... probationary term." *Id.* at 13–14, 429 *A.*2d 332. However, once defendant violated probation and was re-sentenced to a prison term, a NERA sentence was required. A sentence with a mandatory period of parole ineligibility cannot be reduced below the statutorily mandated parole ineligibility term. *Mendel, supra,* 212 *N.J.Super.* at 112–13, 514 *A.*2d 67. Because defendant's mandated NERA period of parole ineligibility could not be reduced by the *R.* 3:21–10(a) motion, the judge was required to apply it to the sentence imposed after defendant pled guilty to violating probation.[1]

We next address defendant's contention that *State v. Vasquez,* 129 *N.J.* 189, 609 *A.*2d 29 (1992), allows the judge to impose a shorter parole bar than that required by a NERA sentence. In *Vasquez,* the defendant pled guilty to distributing cocaine within 1000 feet of school property, *N.J.S.A.* 2C:35–7. The defendant's plea provided that the three-year period of parole ineligibility required under *N.J.S.A.* 2C:35–7 [2] would be waived by the prose-

---

[1] Our holding does not address a situation, not present here, in which the court determines that the appropriate penalty for a VOP is a continuation of probation with more onerous terms.

[2] *N.J.S.A.* 2C:35–7 provides that any person guilty of possession of cocaine within 1000 feet of a school zone

cutor, as permitted by *N.J.S.A.* 2C:35–12.[3] *Vasquez, supra,* 129 *N.J.* at 192, 609 *A.*2d 29. The sentencing court imposed a probationary sentence. The defendant, however, violated the terms of his probation. *Id.* at 192–93, 609 *A.*2d 29. Following the violation, the sentencing court imposed a four-year custodial sentence with three-years of parole ineligibility. *Id.* at 193, 609 *A.*2d 29.

Distinguishing between mandatory sentencing where "the intent of the Legislature and its objectives [are] ... expressed in terms that leave no doubt of the course of action it has authorized in calling for mandatory sentences" and the parole disqualifier called for in *N.J.S.A.* 2C:35–7 and –12, the Court noted:

> The mandatory term of section 7 is itself not truly mandatory because it may be waived. Moreover, section 12, which authorizes the waiver of the mandatory term, does so only in the context of the original sentencing. ... [T]he legislation does not expressly mandate that a parole disqualifier be applied at the resentencing stage or authorize the exercise by the prosecution of any power to waive or request such a parole disqualifier at that stage.
>
> ... Hence, in the absence of express authority we are unable to infer that the Legislature intended to impose an absolute mandatory parole disqualifier on resentencing for a violation of probation based on a school zone drug conviction. [*Vasquez, supra,* 129 *N.J.* at 201–02, 609 *A.*2d 29.]

The Court concluded that because *N.J.S.A.* 2C:35–7 and –12 provide for waiver of the mandatory term in the context of the

---

> is guilty of a crime of the third degree and shall, except as provided in N.J.S. 2C:35–12, be sentenced by the court to a term of imprisonment. ... [T]he term of imprisonment shall include the imposition of a minimum term which shall be fixed at, or between, one-third and one-half of the sentence imposed, or three years, whichever is greater, during which the defendant shall be ineligible for parole.

[3] *N.J.S.A.* 2C:35–12 provides that

> [w]henever an offense defined in this chapter [including N.J.S.A. 2C:35–7] specifies a mandatory sentence of imprisonment which includes a minimum term during which the defendant shall be ineligible for parole ... the court upon conviction shall impose the mandatory sentence ... unless the defendant has pleaded guilty pursuant to a negotiated agreement or, in cases resulting in trial, the defendant and the prosecution have entered into a post-conviction agreement, which provides for a lesser sentence, [or] period of parole ineligibility. ...

original sentence "on the resentencing of a defendant for a violation of probation, the Legislature did not intend to require the imposition of a mandatory term of parole ineligibility or to authorize the prosecutor to demand or waive the imposition of a term of parole ineligibility." *Id.* at 205, 609 *A.*2d 29. Rather, the decision should be based on "the general standards governing resentencing for violation of probation ... subject, however, to a discretionary authority to impose a period of parole ineligibility under appropriate circumstances and based on adequate findings." *Ibid.*

In direct contrast to the provisions of *N.J.S.A.* 2C:35–7 and –12, *N.J.S.A.* 2C:43–7.2(a) evinces a clear and unmistakable Legislative intent that a court "shall fix a minimum term of 85% of the sentence imposed, during which the defendant shall not be eligible for parole" for the first- and second-degree crimes enumerated in section d, including robbery, *N.J.S.A.* 2C:15–1. Unlike *N.J.S.A.* 2C:35–7 and –12, parole ineligibility under NERA is not waivable. A NERA parole disqualifier applies whether the sentence is imposed under *N.J.S.A.* 2C:43–7, *N.J.S.A.* 2C:11–3 "or *any other provision of law,* and shall be calculated based upon the sentence of incarceration actually imposed." *N.J.S.A.* 2C:43–7.2(b) (emphasis added). It matters not whether the term of incarceration is imposed following the revocation of probation on a NERA mandated crime. Imposition of NERA is mandatory. *See State v. Johnson,* 376 *N.J.Super.* 163, 168, 869 *A.*2d 473 (App.Div.), *certif. denied,* 183 *N.J.* 592, 874 *A.*2d 1109 (2005).

Because the NERA period of parole ineligibility was compulsory, the sentence imposed was illegal. It is, therefore, subject to correction at any time. *Id.* at 170, 869 *A.*2d 473. Consequently, defendant's contention that the State's appeal was untimely and contrary to principles of double jeopardy is devoid of merit. Accordingly, we remand to correct the sentence to impose the mandated eighty-five percent period of parole ineligibility to the fifty-four month sentence imposed.

Remanded.