NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS.  A-2477-14T3
            A-2478-14T3

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

v.

MWANZA FITZPATRICK,

    Defendant-Respondent.

_____

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

v.

KEEYAN BRISTER,

    Defendant-Respondent.

_____

| APPROVED FOR PUBLICATION |
| :---: |
| **December 28, 2015** |
| **APPELLATE DIVISION** |

        Argued September 30, 2015 — Decided December 28, 2015

        Before Judges Fuentes, Koblitz and Gilson.

        On appeal from Superior Court of New Jersey,
        Law Division, Middlesex County, Indictment
        Nos. 14-02-00175 (A-2477-14) and 14-05-00620
        (A-2478-14).

        Christopher Dize, Assistant Prosecutor,
        argued the cause for appellant (Andrew C.
        Carey, Middlesex County Prosecutor,
        attorney; Mr. Dize, of counsel and on the
        briefs).

Stephen P. Hunter, Assistant Deputy Public Defender, argued the cause for respondents (Joseph E. Krakora, Public Defender, attorney; Mr. Hunter, of counsel and on the briefs).

The opinion of the court was delivered by

GILSON, J.S.C. (temporarily assigned).

These appeals, consolidated for purposes of this opinion, present the jurisdictional question of what is the time within which the State can appeal the denial of a drug offender restraining order sought in connection with a sentence. We hold that the governing statute, N.J.S.A. 2C:35-5.7(k), requires such appeals to be filed within ten days of the date of sentencing. Our holding follows from a reading of the language of the statute, the legislative purpose in enacting the statute, and the relevant legislative history. Because the State failed to file its notices of appeal in these matters within the ten-day period, we dismiss both appeals for lack of jurisdiction.

I.

The relevant facts and procedural histories are not in dispute and are established by the record. Defendants Mwanza Fitzpatrick and Keeyan Brister were separately indicted for separate incidents of alleged second and third degree drug offenses. Both defendants applied for special drug court probation pursuant to N.J.S.A. 2C:35-14, were found clinically

and legally eligible, and were recommended for acceptance into the program. Both defendants then pled guilty to third degree distribution of heroin within 1000 feet of school property in violations of N.J.S.A. 2C:35-7 and N.J.S.A. 2C:35-5(a)(1).

As part of the plea agreements, the State agreed to recommend that defendants be sentenced to five years of special drug court probation as an alternative sentence to five years in prison with thirty months of parole ineligibility. Because both defendants were subject to mandatory extended terms, those alternative sentences were in accordance with the Brimage Guidelines[1] and N.J.S.A. 2C:43-6(f).

At sentencing, the State for the first time informed the court and counsel that the State would request a drug offender restraining order (DORO) in accordance with N.J.S.A. 2C:35-5.7(h). The State had not stated in the plea agreements that a DORO would be a condition of the sentences. Defendants objected and the judge adjourned sentencing and directed the State and defense counsel to brief the issue. Thereafter, defendants moved to preclude the imposition of DOROs, and all parties submitted briefs and certifications.

On December 2, 2014, the trial court heard oral arguments and denied the State's application for DOROs against both

---

[1] State v. Brimage, 153 N.J. 1 (1998).

defendants. That same day, the trial court sentenced defendants to five years of special drug court probation as an alternative sentence to a prison term. On December 9, 2014, the trial court entered two orders granting defendants' motions to preclude the imposition of DOROs. On December 23, 2014, the State filed notices to appeal the denials of the DOROs.

The State seeks to appeal the trial court's denial of the DOROs arguing that the trial court erred by using the wrong standard. Defendants counter that the State filed its notices of appeal late and that this court lacks jurisdiction to hear either appeal. Defendants also argue, in the alternative, that (1) the Drug Offender Restraining Order Act is unconstitutional, (2) the imposition of DOROs would violate the plea agreements, and (3) the trial court properly denied the applications for DOROs using the correct legal standard. Because the State failed to file its notices of appeal within the governing ten-day period, we dismiss both appeals for lack of jurisdiction, and we do not reach the substance of any party's arguments.

II.

To place the jurisdictional issue in context, we briefly describe the Drug Offender Restraining Order Act of 1999, N.J.S.A. 2C:35-5.4 to -5.10 (the Act). The Act is designed to enhance the quality of life and protect the public in areas

plagued by illegal drug activity. N.J.S.A. 2C:35-5.5(b). It fulfills its purpose by restraining drug offenders from returning to locations where they had engaged in illegal drug manufacturing or distribution activities. N.J.S.A. 2C:35-5.5(d). Accordingly, the Act established procedures for issuing restraining orders against persons charged with or convicted of certain drug-related offenses. N.J.S.A. 2C:35-5.6, -5.7. Specifically, the Act empowers law enforcement officers and prosecutors to apply for a restraining order at two different times: (1) when the person, including a juvenile, is charged with drug offenses, N.J.S.A. 2C:35-5.7(a)-(d), and (2) when a drug offender is convicted or adjudicated delinquent, N.J.S.A. 2C:35-5.7(h). The Act also spells out the grounds on which defendants can apply for an exception to such restraining orders and the basis for the court to grant such exceptions. N.J.S.A. 2C:35-5.7(e). In that regard, the Act provides that the "court may forego issuing a restraining order . . . only if the defendant establishes" certain legitimate needs to be in the place from which the drug offender is sought to be restrained. Ibid. Those restriction exemptions are limited and must be established "by clear and convincing evidence." Ibid. Furthermore, the Act gives the court the discretion to craft

"modifications to permit the person to enter the area during specified times for specified purposes." N.J.S.A. 2C:35-5.7(f).

The Act also provides procedures for a defendant to modify a DORO, and for the State to appeal the denial of a DORO sought in connection with the sentencing of a drug offender. N.J.S.A. 2C:35-5.7(k).

### III.

The question of when the State can appeal the denial of a DORO sought in connection with the sentencing of a drug offender is an issue of first impression. The language authorizing such appeals is set forth in subsection k of N.J.S.A. 2C:35-5.7: "If the court does not issue a restraining order, the sentence imposed by the court for a criminal offense as defined in subsection b. of this section shall not become final for ten days in order to permit the appeal of the court's findings by the prosecution." A plain reading of this language limits the State's right to appeal to ten days from imposition of the sentence. See State v. Olivero, 221 N.J. 632, 639 (2015) ("[T]he goal of statutory interpretation is to ascertain and effectuate the Legislature's intent." (quoting Murray v. Plainfield Rescue Squad, 210 N.J. 581, 592 (2012))); In re Registrant N.B., 222 N.J. 87, 98 (2015) ("[T]he best indicator of that intent is the plain language chosen by the Legislature."

(alteration in original) (quoting State v. Gandhi, 201 N.J. 161, 176 (2010))).

The State argues that the phrase "a criminal offense as defined in subsection b. of this section" limits N.J.S.A. 2C:35-5.7(k) to apply only to appeals pertaining to N.J.S.A. 2C:35-5.7(b). Thus, the State argues the ten-day period in subsection k does not apply to an appeal filed in connection with the denial of a DORO sought under subsection h, which is the provision authorizing a DORO after a conviction. See N.J.S.A. 2C:35-5.7(h). There are several flaws with the State's proposed interpretation.

First, such an interpretation is inconsistent with the language of the Act. Subsection b of N.J.S.A. 2C:35-5.7 addresses the procedure for the State to seek a DORO after a person is charged with a drug offense on a summons. Consequently, subsection b does not deal with a DORO sought after conviction. Subsection b, moreover, does not define "a criminal offense." That definition is found in N.J.S.A. 2C:35-5.6(c).

Second, if subsection k does not apply, then the State would have no right to appeal at all. "Sentencing appeals by the State implicate the prohibitions against multiple punishment incorporated in the double jeopardy provisions of the Federal

and State Constitutions." State v. Johnson, 376 N.J. Super. 163, 171 (App. Div.) (citing State v. Roth, 95 N.J. 334, 342-43 (1984)), certif. denied, 183 N.J. 592 (2005). Consequently, the State can appeal the sentence of a criminal defendant only in two circumstances: (1) if a statute expressly authorizes such an appeal, and (2) if the sentence is illegal. Roth, supra, 95 N.J. at 342-43. In Roth, our Supreme Court traced the history of the government's right to appeal criminal sentences, and held that because of constitutional double jeopardy concerns, "the government cannot take an appeal in a criminal case absent express statutory authority." Id. at 341-43; see also United States v. DiFrancesco, 449 U.S. 117, 131-32, 101 S. Ct. 426, 434-35, 66 L. Ed. 2d 328, 342-43 (1980) (holding that the government could appeal a criminal sentence without violating the Double Jeopardy Clause when Congress expressly authorized such an appeal); State v. Veney, 327 N.J. Super. 458, 461 (App. Div. 2000) ("[R]estrictions of the State's right to appeal rest upon the principle that appeals of sentences implicate the Double Jeopardy Clauses of the federal and state constitutions . . . ."); R. 2:3-1 (identifying the limited grounds when the State can appeal in a criminal action).

Here we are not dealing with an illegal sentence. Thus, we return to the language of subsection k, which expressly allows

the State to appeal. Without the phrase "for a criminal offense as defined in subsection b. of this section," the meaning of the language of subsection k is clear: the ten-day restriction applies to the denial of a DORO sought in connection with a sentence. Accordingly, the question is what does the phrase mean. The only logical interpretation is that the phrase references the provision of the Act that defines a criminal offense covered by the Act. As already pointed out, the definition of the crimes covered by the Act is found in N.J.S.A. 2C:35-5.6(c). That interpretation is also consistent with the plain reading of the phrase as it references a "criminal offense." Such an interpretation is also consistent with the intent of the statute. Subsection k of N.J.S.A. 2C:35-5.7 clearly authorizes the State to appeal, within ten days, the denial of a DORO sought in connection with the sentence of a drug offender.

The Legislature clearly wanted to give prosecutors the right to appeal. Indeed, in the Senate Judiciary Committee's statement to the original bill, the Committee noted: "The bill also expressly authorizes the prosecuting agency to appeal any determination by a court not to issue a 'stay-away' order." Senate Judiciary Comm., Statement to S. 1697, 208th Leg., 2d Sess., at 1-2 (Feb. 18, 1999). Accordingly, our interpretation

of the Act is consistent with the State's right to appeal. That appeal, however, must be filed within ten days to avoid double jeopardy concerns.

Counsel for defendants suggests that the reference to subsection b is in fact a reference to N.J.S.A. 2C:35-5.6. Counsel arrives at that interpretation by pointing out that subsection b of N.J.S.A. 2C:35-5.7 has within it a reference to subsection b of N.J.S.A. 2C:35-5.6. See N.J.S.A. 2C:35-5.7(b) ("[T]he court . . . shall . . . issue an order prohibiting the person from entering any place defined by subsection b. of section 3 of P.L.1999, c. 334 ([N.J.S.A. 2C:35-5.6]) . . . ."). The reference to subsection b of N.J.S.A. 2C:35-5.6 is to the definition of "place." Accordingly, we again return to the plain and logical meaning of the Act, which is that the reference to "a criminal offense" is a reference to the definition of the crimes covered by the Act found in N.J.S.A. 2C:35-5.6(c).

Our interpretation of N.J.S.A. 2C:35-5.7(k) is also consistent with the legislative history of the Act. As already noted, the Act has always provided the State with a ten-day right to appeal the denial of a DORO at sentencing. See L. 1999, c. 334, § 4. The Act was amended in 2001, 2004, 2006 and 2011. See L. 2001, c. 365, § 2; L. 2004, c. 130, § 14; L. 2006,

<u>c.</u> 47, § 27; <u>L.</u> 2011, <u>c.</u> 44, § 1. All of those amendments included the relevant language concerning an appeal of the denial of a DORO. <u>See</u> <u>ibid.</u> The 2001 amendment moved the language concerning the time to appeal from subsection h to a new subsection k. <u>L.</u> 2001, <u>c.</u> 365, § 2 (codified as amended at <u>N.J.S.A.</u> 2C:35-5.7(k)). The 2001 amendment also moved the original language in subsection b to subsection h. <u>Ibid.</u> (codified as amended at <u>N.J.S.A</u> 2C:35-5.7(h)). Further, the 2001 amendment added new provisions to address the procedures for applying for a restraining order when the person was first charged with a drug offense. <u>Ibid.</u> (codified as amended at <u>N.J.S.A.</u> 2C:35-5.7(a)-(d)). The amendment, however, did not update the language to incorporate the subsection change within the paragraph regarding the State's right to appeal. <u>Ibid.</u> (codified as amended at <u>N.J.S.A.</u> 2C:35-5.7(k)). Thus, while <u>N.J.S.A.</u> 2C:35-5.7(k) still refers to subsection b, we are satisfied the Legislature intended that the statute be edited in conformity with the other revisions to refer to subsection h.

Finally, we address whether the ten-day period should be strictly enforced. The precedent concerning an analogous ten-day appeal period from a criminal sentence, coupled with double jeopardy principles, mandates strict enforcement. Pursuant to <u>N.J.S.A.</u> 2C:44-1(f)(2), the State is authorized to appeal the

downgrade or non-custodial sentence regarding convictions for first or second degree crimes. The language of N.J.S.A. 2C:44-1(f)(2) authorizing the State's right of appeal is nearly identical to the language in the DORO Act. Compare N.J.S.A. 2C:35-5.7(k) ("[T]he sentence . . . shall not become final for ten days in order to permit the appeal of the court's findings by the prosecution.") with N.J.S.A. 2C:44-1(f)(2) ("[S]uch sentence shall not become final for 10 days in order to permit the appeal of such sentence by the prosecution."). In construing that language, our Supreme Court has held that "[s]trict compliance with the terms of the statute is required; failure to perfect an appeal within the ten-day period will result in dismissal of the State's appeal." State v. Sanders, 107 N.J. 609, 616 (1987); see also State v. Gould, 352 N.J. Super. 313, 318-19 (App. Div. 2002) (dismissing the State's appeal of a probationary sentence that was not filed within ten days as mandated by N.J.S.A. 2C:44-1(f)(2)).

Here, both defendants were sentenced on December 2, 2014. The State filed its notices of appeal on December 23, 2014. Thus, both notices were filed beyond the ten-day period.

The notices of appeal filed by the State reference the December 9, 2014 orders. Those orders granted defendants' cross-motions to preclude the imposition of a DORO. Because

double jeopardy would otherwise begin to attach at the time of sentencing, N.J.S.A. 2C:35-5.7(k) specifically provides that the sentence imposed by the court "shall not become final for ten days in order to permit the appeal of the court's findings by the prosecution." Here, the State's time to appeal began to run the day after the sentence; that is, December 3, 2014. See Johnson, supra, 376 N.J. Super. at 173 ("[T]he ten-day period commences on the day after sentence is pronounced . . . .").

The State also argues that its notices were actually mailed on December 17, 2014. The mailing of a notice of appeal is not the controlling date; rather, the controlling date is the date of filing. See State v. One 1986 Subaru, 230 N.J. Super. 451, 458 (App. Div. 1989), aff'd in part, rev'd in part, 120 N.J. 310 (1990); Pressler & Verniero, Current N.J. Court Rules, comment 2 on R. 1:5-6 (2016) ("[F]iling can only be effected by the receipt of the filed paper by the designated office."). Indeed, the State conceded this point at oral argument.

In summary, because the DORO Act requires an appeal from the denial of a DORO sought at sentencing to be filed within ten days, and because the State did not file within that time, both appeals must be dismissed for lack of jurisdiction.

Dismissed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2477-14T3