**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3314-23

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

SPENCER S. YOUNG, a/k/a
SPENCER YOUNG, JR.,

      Defendant-Appellant.

_____

      Submitted February 24, 2026 – Decided March 17, 2026

      Before Judges Rose and DeAlmeida.

      On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 14-03-0459.

      Jennifer N. Sellitti, Public Defender, attorney for appellant (Jeffrey L. Weinstein, Designated Counsel, on the briefs).

      Raymond S. Santiago, Monmouth County Prosecutor, attorney for respondent (Melinda A. Harrigan, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from a May 31, 2024 order denying his second petition for post-conviction relief (PCR) without an evidentiary hearing. Because the petition was untimely under Rule 3:22-12(a)(2), we affirm.

Convicted for his participation in the 2013 beating death of Tommy Sudano after an apparent drug deal, defendant is serving a fifty-year prison term subject to the No Early Release Act, N.J.S.A. 2C:43-7.2. We affirmed defendant's convictions and sentence, State v. Young, No. A-0460-16 (App. Div. Mar. 12, 2019) (slip op. at 29), and the Supreme Court denied certification, 239 N.J. 409 (2019).

Defendant thereafter filed a timely self-represented PCR petition, generally asserting ineffective assistance of trial and appellate counsel. Assigned counsel (first PCR counsel) thereafter filed a sixty-three-page brief detailing four alleged errors in appellate counsel's representation and three alleged deficiencies in trial counsel's efforts. First PCR counsel also filed a nine-page supplemental brief expounding upon his initial submission. During oral argument on the petition, first PCR counsel amplified defendant's contentions.

On November 8, 2021, the first PCR judge, who was not the trial judge, issued a well-reasoned written decision denying defendant's petition. We

2

affirmed, State v. Young, No. A-1554-21 (App. Div. July 20, 2023) (slip op. at 9), and the Court denied certification, 255 N.J. 378 (2023).

While defendant's appeal from the denial of his first PCR petition was pending, he executed a verified second PCR petition, dated May 2, 2022, generally asserting ineffective assistance of trial and first PCR counsel. As explained below, defendant claims he sent his second PCR petition to the court for filing in May 2022.

Nearly two years later, on March 18, 2024, defendant's assigned attorney (second PCR counsel) signed and filed an amended petition for PCR. Among other documents, second PCR counsel annexed to the amended petition a March 2, 2023 letter from defendant to "Kristy Smith, CCM, 71 Monument Park, Freehold, New Jersey 07728," stamped received on March 24, 2023, by the Monmouth County Criminal Division.

In the letter, defendant stated, in pertinent part:

> This letter is in regards to my petition for [PCR], pursuant to R[ule] 3:22-4(b), I sent to you [in] May 2022. I am currently appealing my first PCR which was denied November 2021.
>
> I need this PCR filed because I only have a year to file it from the denial of the first PCR, pursuant to R[ule] 3:22-12(a)(2).

May 2022 would make my petition timely under the rule. However, I have received nothing from this [c]ourt stating that the petition was filed.

Please find enclosed a copy of the petition that was filed and proof of service.[1]

In his supporting brief, second PCR counsel elaborated upon defendant's assertions against trial counsel and first PCR counsel. Citing the one-year time bar for filing second and subsequent PCR petitions under Rule 3:22-12(a)(2)(C), counsel further argued defendant's second self-represented petition was timely. Counsel noted defendant's "second petition was not uploaded to e[C]ourts until April 23, 2023,"[2] but claimed "the certified mail receipt attached to the filing contains the date it was received by the court on May 25, 2022." Because defendant's first petition was denied on November 8, 2021, counsel argued the petition was filed "well within the one-year filing period."

Following arguments on defendant's second petition, the same PCR judge who denied defendant's first petition issued a cogent written decision denying

---

[1] In his appellate appendix, defendant included a copy of what appears to be the back and front of a certified mail card. A tracking number appears on both sides of the card, but they are not the same. In addition, there appears to be writing under defendant's name on the front of the card and the date, "5/25/22," on the back of the card.

[2] The petition provided on appeal is not stamped filed.

A-3314-23

relief. Pertinent to defendant's reprised timeliness claim, the judge recognized defendant's claim that he filed his second PCR in May 2022, but found "th[e] court ha[d] no record of receiving it." The judge further determined, "The US Postal Service receipt dated May 25, 2022, submitted by defendant is not proof of filing." The judge concluded defendant's second PCR petition "was not filed until March 24, 2023" – the same day defendant's March 2, 2023 correspondence enclosing the petition was stamped filed.

Turning to the merits, the PCR judge rejected defendant's claims against trial and first PCR counsel, finding defendant failed to assert a prima facie case for relief under the applicable standards. Accordingly, the judge found defendant was not entitled to a hearing on his claims.

On appeal, defendant renews nearly all of the points raised before the second PCR court, asserting:

POINT I

THE [SECOND] PCR COURT IMPROPERLY APPLIED PROCEDURAL BARS TO THE PETITION.

A. The [Second] PCR Court Unfairly Determined that [Defendant] Failed to Meet the One-Year Deadline in Filing a Second PCR Petition Because [Defendant] Provided a Signed Copy of His Verified Petition Dated Within the One[-]Year

5

A-3314-23

Deadline, Along With A Signed Certified Mail Receipt Showing Receipt by the Court Within the One[-]Year Deadline.

B. The Grounds Raised by [Defendant] Were Not Subject to the Previously Adjudicated Procedural Bar of R[ule] 3:22-5.

## POINT II

TRIAL COUNSEL WAS INEFFECTIVE DURING SEVERAL KEY AREAS DURING TRIAL; FIRST PCR COUNSEL COMPOUNDED THE HARM BY FAILING TO RAISE THESE CLAIMS DURING THE FIRST PCR APPLICATION.

A. Trial Counsel's Failure to Obtain and Use the Victim's Criminal History Showing Drug Related Offenses Was Ineffective In Light of the State's Theory that [Defendant] and Co-Defendant Intended to Rob the Victim.

B. Both Trial Counsel and PCR Counsel Failed to Investigate Three Witnesses Identified by [Defendant] – Shamir Reed, Lashawn Alfred, and Courtney Robinson.

C. Trial Counsel's Failure To Object To Ongoing Leading Questions During The State's Redirect Examination Of The State's Key Eyewitness Denied [Defendant] A Fair Trial, Which First PCR Counsel Also Failed to Raise.

A-3314-23

POINT III

FIRST PCR COUNSEL FAILED TO PROVIDE THE COURT WITH A CERTIFICATION PROVIDED TO HIM BY [DEFENDANT] THAT WOULD HAVE SUPPORTED HIS MIRANDA[3] SUPPRESSION ISSUE ON PCR.

POINT IV

TRIAL COUNSEL WAS INEFFECTIVE AT THE SENTENCING PHASE DUE TO FAILURE TO OBJECT TO THE COURT'S SUA SPONTE AMENDMENT OF THE JUDGMENT OF CONVICTION THAT INCREASED [DEFENDANT]'S SENTENCE BY TWELVE YEARS AND BY FAILING TO ARGUE REMORSE AS A MITIGATING FACTOR. FIRST PCR COUNSEL COMPOUNDED THIS ERROR BY FAILING TO RAISE THESE CLAIMS.

Of particular relevance to this appeal, defendant maintains the certified mail receipt demonstrates his petition was delivered on May 25, 2022, prior to the November 8, 2022 deadline. Citing our Supreme Court's decision in State v. Hannah, 248 N.J. 148, 155 (2021), defendant argues the PCR judge should have relaxed the time bar to prevent a "fundamental injustice."

Well-settled principles guide our review. Rule 3:22-4(b) places strict limitations on second and subsequent petitions for PCR. The Rule compels

---

3 Miranda v. Arizona, 384 U.S. 436 (1966).

dismissal of a subsequent PCR petition unless the defendant can satisfy the time requirement under Rule 3:22-12(a)(2), and alleges the following grounds for relief:

> (A) that the petition relies on a new rule of constitutional law, made retroactive to defendant's petition by the United States Supreme Court or the Supreme Court of New Jersey, that was unavailable during the pendency of any prior proceedings; or
>
> (B) that the factual predicate for the relief sought could not have been discovered earlier through the exercise of reasonable diligence, and the facts underlying the ground for relief, if proven and viewed in light of the evidence as a whole, would raise a reasonable probability that the relief sought would be granted; or
>
> (C) that the petition alleges a prima facie case of ineffective assistance of counsel that represented the defendant on the first or subsequent application for [PCR].
>
> [R. 3:22-4(b).]

In turn, Rule 3:22-12(a)(2) imposes a time limitation for subsequent PCR petitions. Under the Rule, a second or subsequent petition for PCR must be filed within one year after the latest of:

> (A) the date on which the constitutional right asserted was initially recognized by the United States Supreme Court or the Supreme Court of New Jersey, if that right has been newly recognized by either of those Courts and made retroactive by either of those Courts to cases on collateral review; or

(B) the date on which the factual predicate for the relief sought was discovered, if that factual predicate could not have been discovered earlier through the exercise of reasonable diligence; or

(C) the date of the denial of the first or subsequent application for [PCR] where ineffective assistance of counsel that represented the defendant on the first or subsequent application for [PCR] is being alleged.

[R. 3:22-12(a)(2).]

A 2009 amendment to the Rule makes clear beyond question that the one-year limitation for second or subsequent petitions is non-relaxable. See R. 3:22-12(b); State v. Jackson, 454 N.J. Super. 284, 293 (App. Div. 2018) (recognizing a second or subsequent petition filed beyond the one-year time frame "c[an]not be excused in the same manner as the late filing of a first PCR petition"); R. 1:3-4(c) (prohibiting the court and the parties from enlarging the time to file a petition for PCR under Rule 3:22-12). We have held the PCR court "has an independent, non-delegable duty to question the timeliness of [a first PCR] petition." State v. Brown, 455 N.J. Super. 460, 470 (App. Div. 2018). We further held, "[a]bsent sufficient competent evidence to satisfy this standard, the court does not have the authority to review the merits of the claim." Ibid. (emphasis added). We discern no reason why that duty would not apply to the

PCR court's consideration of a second or subsequent PCR petition, especially because the time bar for these petitions is non-relaxable.

PCR petitions are "file[d] with the criminal division manager's office of the county in which the conviction took place." Rule 3:22-1. "[F]iling can only be effected by the receipt of the filed paper by the designated office." Pressler & Verniero, Current N.J. Court Rules, cmt. 2 on R. 1:5-6 (2026); see also State v. Fitzpatrick, 443 N.J. Super. 316, 324-35 (App. Div. 2015) (recognizing "[t]he mailing of a notice of appeal is not the controlling date; rather, the controlling date is the date of filing").

In Hannah, our Supreme Court reiterated "a defendant is 'generally barred from presenting a claim on PCR that could have been raised at trial or on direct appeal, R. 3:22-4(a), or that has been previously litigated, R. 3:22-5.'" 248 N.J. at 178 (quoting State v. Nash, 212 N.J. 518, 546 (2013)). The Court stated "those rules" did not require the Court to ignore a fundamental unfairness. Ibid. Further, Hannah considered PCR "based on newly discovered evidence," possibly "exculpatory evidence," id. at 168, and "critical evidence," id. at 155. The Court did not, however, consider the strict time bar imposed under Rule 3:22-12(a)(2), applicable to defendant's second PCR petition.

Against those governing principles, we conclude defendant's second PCR petition was time-barred as his petition was filed well beyond the one-year time requirement embodied in Rule 3:22-12(a)(2).  Moreover, the equitable relief he seeks under the Court's decision in Hannah is not applicable.  We therefore affirm the May 31, 2024 order.  In view of our disposition, we decline to consider the merits of defendant's claim.  See Brown, 455 N.J. Super. at 470.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division

11

A-3314-23