NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4540-17T4

STATE OF NEW JERSEY,

     Plaintiff-Appellant,

v.

KENNETH D. THOMAS,
a/k/a CHRISTOPH D.
THOMAS,

     Defendant-Respondent.

_____

> **APPROVED FOR PUBLICATION**
>
> **June 12, 2019**
>
> **APPELLATE DIVISION**

Submitted May 15, 2019 – Decided June 12, 2019

Before Judges Koblitz, Currier, and Mayer.

On appeal from Superior Court of New Jersey, Law Division, Cumberland County, Indictment No. 17-06-0548.

Gurbir S. Grewal, Attorney General, attorney for appellant (Sarah Lichter, Deputy Attorney General, of counsel and on the brief).

Joseph E. Krakora, Public Defender, attorney for respondent (Al Glimis, Designated Counsel, on the brief).

The opinion of the court was delivered by

KOBLITZ, P.J.A.D.

The State appeals from a June 1, 2018 judgment of conviction imposing a probationary sentence on defendant Kenneth D. Thomas for third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(2).[1] Because the State has no authority to appeal from a legal third-degree sentence, we dismiss the appeal.

Defendant also pled guilty to fourth-degree criminal trespass, N.J.S.A. 2C:18-3(a). He admitted trespassing on his former girlfriend's property by refusing to leave and, on a separate day, hitting her on the head with a liquor bottle, causing a cut on the top of her head.

The State unsuccessfully sought the imposition of a discretionary extended term under the persistent offender provision, N.J.S.A. 2C:44-3(a). The court found aggravating factors three, the risk defendant would reoffend; six, the extent of his prior criminal record; nine, deterrence; and fifteen, that the crime involved domestic violence and defendant had "committed at least one act of domestic violence on more than one occasion." N.J.S.A. 2C:44-1(a) (3), (6), (9) and (15). The court also found mitigating factors six, victim compensation; ten, defendant was likely to respond to probation; and twelve, cooperation with law enforcement. N.J.S.A. 2C:44-1(b)(6), (10) and (12).

---

[1] We transferred this appeal from the sentencing-only calendar on January 9, 2019.

The victim wrote a letter to the judge seeking leniency for defendant and, at the sentencing hearing, said she did not want to proceed with the prosecution and did not want defendant to go to prison. Although the State brought to the court's attention the statutory presumption of incarceration after a finding of aggravating factor fifteen, the trial judge believed a prison sentence would create a "serious injustice, which overrides the need to deter such conduct by others." The trial judge found defendant to be "contrite" and "truly penitent." After balancing the relevant aggravating and mitigating sentencing factors, the victim's wishes, and defendant's "character and condition," the trial judge sentenced defendant to probation for a total of four years on both charges.[2]

The State argues that it had the right to appeal this sentence, which it characterizes as "illegal." Our Supreme Court recently explained the State's authority to appeal a sentence:

> In the context of sentencing, the State has the authority to appeal in two circumstances. The State may appeal where there is "express statutory authority" to do so. State v. Roth, 95 N.J. 334, 343 (1984); accord R. 2:3-1(b)(6) (permitting an appeal "as otherwise provided by law"). Alternatively, the State may appeal if the sentence imposed is illegal. State v. Ciancaglini, 204 N.J. 597, 605 (2011); see R. 3:21-10(b)(5) ("A motion may be filed and an order may be entered at any time .

---

[2] The judge imposed a consecutive year of probation for trespassing.

. . correcting a sentence not authorized by law including the Code of Criminal Justice.").

[State v. Hyland, ___ N.J. ___, ___ (2019) (slip op. at 9-10).]

## I. No statutory authority.

The Legislature enacted N.J.S.A. 2C:44-1(d) in 2015, imposing a presumption of incarceration on defendants convicted of third-degree aggravated assault where aggravating factor fifteen has been found. The State argues the Legislature mistakenly did not simultaneously include third-degree crimes in N.J.S.A. 2C:44-1(f)(2), which allows the State to appeal a probationary sentence imposed after a first- or second-degree conviction.

When interpreting a statute, our role is to effectuate the intent of the Legislature. State ex rel. D.M., ___ N.J. ___ (2019) (slip op. at 16-17). We must look "first to the plain language of the statute, seeking further guidance only to the extent that the Legislature's intent cannot be derived from the words that it has chosen." Norfolk Southern Ry. Co. v. Intermodal Properties, LLC, 215 N.J. 142, 166 (2013) (quoting Pizzullo v. N.J. Mfrs. Ins. Co., 196 N.J. 251, 264 (2008)). "If the plain language yields the meaning of the statute, then [the reviewing court's] task is complete." State v. Williams, 218 N.J. 576, 586 (2014). "[W]hen the Legislature seeks to import a part of one Code provision

A-4540-17T4

into another, it expresses that intent in unambiguous terms." D.M., slip op. at 21-22.

The statute provides:

> In cases of convictions for crimes of the first or second degree where the court is clearly convinced that the mitigating factors substantially outweigh the aggravating factors and where the interest of justice demands, the court may sentence the defendant to a term appropriate to a crime of one degree lower than that of the crime for which he was convicted. If the court does impose sentence pursuant to this paragraph, or if the court imposes a noncustodial or probationary sentence upon conviction for a crime of the first or second degree, such sentence shall not become final for [ten] days in order to permit the appeal of such sentence by the prosecution.
>
> [N.J.S.A. 2C:44-1(f)(2) (emphasis added).]

Thus, the statute explicitly allows the State to appeal within ten days when the court sentences a defendant convicted of a first- or second-degree crime to probation. Defendant, however, was sentenced to probation for third-degree aggravated assault.

The State asserts it is "reasonable to theorize" the Legislature "missed synthesizing" the statutes when it failed to add a provision allowing the State to appeal a probationary sentence imposed upon conviction of third-degree aggravated assault in a domestic violence situation where defendant had

previously committed domestic violence. We need not "theorize" where the plain language of the statute is clear. The Legislature could have amended N.J.S.A. 2C:44-1(f)(2) in 2015 and chose not to do so. See D.M., slip op. at 21-22.

## II. Double jeopardy concerns.

Defendant argues as well that the State cannot seek a harsher sentence because defendant has already served over nine months of his probationary sentence. When the State appeals a sentence, it implicates "the prohibitions against multiple punishment incorporated in the double jeopardy provisions of the Federal and State Constitutions." State v. Johnson, 376 N.J. Super. 163, 171 (App. Div. 2005). These provisions provide "protection to a defendant," including insulation from the "imposi[tion] . . . [of] 'multiple punishments for the same offense.'" State v. Schubert, 212 N.J. 295, 304–05 (2012) (quoting Jones v. Thomas, 491 U.S. 376, 381 (1989)). "[T]he touchstone of the double jeopardy analysis lies in the expectation of finality that a defendant vests in his sentence." State v. Sanders, 107 N.J. 609, 619 (1987). Finality interests arise after the "final judgment and commencement of the sentence." State v. Veney, 327 N.J. Super. 458, 461 (App. Div. 2000). If the sentence cannot be attacked as illegal, double jeopardy attaches, and it "prohibits the increase of the term

imposed in a discretionary sentence." Ibid. (quoting State v. Kirk, 243 N.J. Super. 636, 642 (App. Div. 1990)).

In conjunction with N.J.S.A. 2C:44-1(f)(2), which allows the State to appeal when first- or second-degree offenders are sentenced to probation, Rule 2:9-3(c) provides that the "execution of [a] sentence shall be stayed pending appeal by the State . . . ." The State must ensure the stay of the execution of the sentence is in effect in order to ensure double jeopardy will not apply. See State v. Eigenmann, 280 N.J. Super. 331, 336 (App. Div. 1995); see also Sanders, 107 N.J. at 619.

Double jeopardy thus restricts the State from appealing for a harsher sentence on statutory grounds because the State failed to seek a stay of the execution of defendant's sentence, and defendant has served over nine months of probation.

### III. Sentence is legal.

The State argues double jeopardy does not control because the trial judge imposed an illegal sentence by inadequately explaining why sentencing defendant to a prison term would be a "serious injustice." Illegal sentences are "(1) those that exceed the penalties authorized by statute for a particular offense and (2) those that are not in accordance with the law, or stated differently, those

that include a disposition that is not authorized by our criminal code." Schubert, 212 N.J. at 308. "In other words, even sentences that disregard controlling case law or rest on an abuse of discretion by the sentencing court are legal so long as they impose penalties authorized by statute for a particular offense and include a disposition that is authorized by law." Hyland, slip op. at 13. "An illegal sentence that has not been completely served may be corrected at any time without impinging upon double-jeopardy principles." Schubert, 212 N.J. at 309. (quoting State v. Austin, 335 N.J. Super. 486, 494 (App. Div. 2000)). The State may petition to correct an illegal sentence at any time before the sentence is complete. Ibid.; see also R. 3:21-10(b)(4).

N.J.S.A. 2C:44-1(d) imposes a presumption of incarceration when a defendant is convicted of a third-degree crime and the trial court finds aggravating factor fifteen applies. The presumption may be overcome if the trial judge finds, after considering the defendant's "character and condition," incarceration would cause a "serious injustice which overrides the need to deter such conduct by others." Ibid. "Serious injustice" is generally difficult for a defendant to prove and a defendant must show he or she is "so idiosyncratic that incarceration . . . for the purposes of general deterrence is not warranted." State v. Jarbath, 114 N.J. 394, 408-09 (1989) (finding "serious injustice" where the

defendant, convicted of manslaughter, could not comprehend that she committed a crime due to her mental and emotional deficiencies); see also State v. E.R., 273 N.J. Super. 262, 273-74 (App. Div. 1994) (finding "serious injustice" where the defendant was a bed-ridden AIDS patient and imprisonment would not serve a purpose).

The State argues the sentence is illegal because the trial judge did not adequately explain why he found defendant would be subject to "serious injustice," the judge applied inappropriate facts when referring to defendant's need to provide for his children, and defendant failed to show he was "idiosyncratic." Even if the court's reasoning was inadequate, that deficiency did not render the sentence illegal. "[S]entences authorized by law but premised on an abuse of discretion are not illegal . . . ." Hyland, slip op. at 15.

The State was not permitted by statute to appeal; to remand for the imposition of a harsher sentence after defendant began serving the probationary sentence imposed would violate double jeopardy protection; and the sentence was not illegal.[3]

---

[3] We do not reach defendant's arguments that a noncustodial sentence was appropriate because (1) aggravating factor fifteen did not apply as defendant had no prior criminal convictions involving domestic violence, and (2) the trial court advised defendant when he entered the guilty plea that a presumption of incarceration would not apply.

The appeal is dismissed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION