**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS. A-3199-18
                          A-3926-18

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

WAYNE E. MEYERS,

     Defendant-Appellant.

_____

Submitted February 8, 2021 – Decided March 18, 2021

Before Judges Currier and Gooden Brown.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Indictment Nos. 01-09-1212, 01-11-1544, 17-09-0163.

Joseph E. Krakora, Public Defender, attorney for appellant (Suzannah Brown, Designated Counsel, on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondent (Sarah D. Brigham, Deputy Attorney General, of counsel and on the briefs).

PER CURIAM

In these back-to-back appeals, which we consolidate solely for purposes of issuing a single opinion, in a post-conviction relief (PCR) application, defendant challenged the legality of a 2002 probationary sentence imposed after he entered negotiated guilty pleas to second-degree drug related offenses that subsequently rendered him statutorily ineligible for drug court on a 2017 indictment charging him with additional drug related offenses. In an order entered on June 25, 2018, which was amended on October 24, 2018, the PCR court rejected defendant's petition and denied his application to withdraw the 2002 guilty pleas. In Docket No. A-3926-18, defendant appeals from the October 24 order, raising the following point for our consideration:

> POINT I
>
> THE PCR COURT ERRED IN DENYING [DEFENDANT'S] APPLICATION TO WITHDRAW HIS GUILTY PLEAS BASED ON THE ILLEGALITY OF THE PLEA AGREEMENT AND ILLEGAL SENTENCE IMPOSED.

After the 2017 indictment was returned, defendant applied for and was rejected from drug court because the 2002 convictions rendered him statutorily ineligible pursuant to N.J.S.A. 2C:35-14(a)(6). In a June 25, 2018 order, the trial court denied defendant's motion to appeal his drug court denial. Defendant ultimately entered a negotiated guilty plea to a second-degree drug distribution

charge contained in the 2017 indictment, and the resulting prison sentence, which was imposed in accordance with the terms of the plea agreement, was memorialized in a July 5, 2018 judgment of conviction (JOC). In Docket No. A-3199-18, defendant appeals his drug court denial as well as the sentence imposed under the 2017 indictment raising the following points for our consideration:

> POINT I
>
> THE LOWER COURT ERRED IN DENYING [DEFENDANT'S] MOTION TO APPEAL DRUG COURT DENIAL BECAUSE IT WAS A PATENT ABUSE OF DISCRETION TO REJECT HIM BASED ON CONVICTIONS FOR WHICH HE RECEIVED AN ILLEGAL PLEA AGREEMENT AND SENTENCE.
>
> POINT II
>
> [DEFENDANT'S] SENTENCE WAS MANIFESTLY EXCESSIVE AND BASED UPON IMPROPER FINDING AND WEIGHING OF AGGRAVATING AND MITIGATING FACTORS. (NOT RAISED BELOW)

For the reasons that follow, we affirm in both appeals.

I.

By way of background, on September 18, 2001, defendant was charged in Indictment No. 01-09-1212 with third-degree possession of a controlled

dangerous substance (CDS), N.J.S.A. 2C:35-10(a)(1) (count one); third-degree possession of CDS with intent to distribute, N.J.S.A. 2C:35-5(a)(1), (b)(3) (count two); third-degree possession of CDS with intent to distribute within 1000 feet of school property, N.J.S.A. 2C:35-7 (count three); and second-degree possession of CDS with intent to distribute within 500 feet of a public facility, N.J.S.A. 2C:35-7.1 (count four). The charges stemmed from police seizing heroin from defendant's person on May 20, 2001, after observing him engaging in drug dealing activities.

About two months later, on November 15, 2001, defendant was charged in Indictment No. 01-11-1544 with third-degree possession of CDS, N.J.S.A. 2C:35-10(a)(1) (count one); second-degree possession of CDS with intent to distribute, N.J.S.A. 2C:35-5(a)(1), (b)(2) (count two); second-degree possession of CDS with intent to distribute within 500 feet of a public facility, N.J.S.A. 2C:35-7.1 (count three); third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(5)(a) (count four); and third-degree resisting arrest, N.J.S.A. 2C:29-2(a)(3)(a) (count five). Those charges stemmed from police seizing crack/cocaine which defendant discarded on August 10, 2001, when he fled from police officers who had observed him engage in a hand to hand drug transaction.

4

Although defendant was accepted into drug court, he withdrew his application and, on July 23, 2002, entered negotiated guilty pleas to counts three and four of Indictment No. 01-09-1212 and counts two and five of Indictment No. 01-11-1544. Under the terms of the plea agreement, the State agreed to recommend an aggregate sentence of five years' probation, conditioned upon successful completion of a long-term in-patient drug treatment program, and dismissal of the remaining counts of the 2001 indictments. Because the plea agreement recommended a probationary disposition for second-degree offenses, the judge accepted defendant's guilty pleas conditioned upon her "review [of the] presentence report." The judge noted that if the presentence report convinced her that the agreement was "in the interests of justice," then she would sentence defendant accordingly. Otherwise, she would allow defendant to withdraw his guilty pleas and proceed "as if it was never entered."

At the sentencing hearing conducted on October 4, 2002, upon reviewing the presentence report, the judge sentenced defendant in accordance with the plea agreement. After the judge confirmed that defendant had no prior indictable convictions, had "a limited employment history[,]" "attribute[d his criminal] conduct to ongoing drug use," and was enrolled in "a[n] in[-]patient" drug treatment program, the judge made the following findings:

A-3199-18

Aggravating factors: I find that given your addiction and the pattern and lifestyle that you have adopted, that there is a risk that you will commit another offense. I've also considered the need for deterring you and others from violating the law. And the imposition of a fine and penalty without imposing a term of imprisonment would be perceived by you or others as merely part of the cost of doing business.

On the mitigating side, I have considered that this is your first upper-court conviction, but that you have a juvenile record so I've given that minimum weight.

I also find that if you successfully complete the [drug treatment p]rogram, there is some likelihood . . . that you will respond affirmatively to probationary treatment.

Accordingly, I find that the aggravating factors outweigh the mitigating factors, although not substantially.

. . . [I]t is normally my philosophy to allow defendants with a drug problem to have an opportunity to address it, and I will give you that opportunity. But I have to tell you, that the offenses to which you've entered guilty pleas are serious offenses . . . . [S]o I want to tell you right at the outset that if you violate any of the terms of probation, . . . you can be charged with violating probation. And if you're found guilty of that, you can then be sentenced to the maximum term for these offenses. And you've pled guilty to a couple of second-degree offenses, which carry a maximum term of ten years.

See N.J.S.A. 2C:44-1(a)(3), (9), (11); N.J.S.A. 2C:44-1(b)(7), (10).

In 2005, defendant violated his probation and, on September 16, 2005, was sentenced to continued probation conditioned upon serving eight months in the county jail. The following year, defendant was arrested on new drug charges, which were subsequently charged in Indictment No. 06-11-1105. The new charges resulted in another violation of probation (VOP) on the 2001 indictments. In February 2007, after being accepted into drug court, defendant pled guilty to third-degree possession of CDS with intent to distribute within 1000 feet of a school zone under Indictment No. 06-11-1105, and was found guilty of the VOP for the 2001 indictments. On February 23, 2007, defendant was sentenced to an eighteen-month term of special probation in drug court on the VOP and a concurrent five-year term of special probation in drug court on the school zone charge, both conditioned on serving six months in the county jail. On June 28, 2013, defendant completed his sentence and graduated from drug court.

Four years later, on September 29, 2017, defendant was charged in Indictment No. 17-09-0163 with second-degree distribution of CDS, N.J.S.A. 2C:35-5(a)(1), (b)(2), and 2C:35-5(c) (count two); second-degree conspiracy to distribute CDS, N.J.S.A. 2C:5-2, 2C:35-5(a)(1), (b)(1), and 2C:35-5(c) (count three); third-degree distribution of CDS within 1000 feet of school property,

N.J.S.A. 2C:35-7 (count four); second-degree distribution of CDS within 500 feet of a public facility, N.J.S.A. 2C:35-7.1 (count five); and third-degree possession of CDS, N.J.S.A. 2C:35-10(a)(1) (count six).

Thereafter, defendant submitted an application for entry into drug court. On February 5, 2018, the trial court entered an order denying defendant's admission because he was "statutorily ineligible for [d]rug [c]ourt pursuant to N.J.S.A. 2C:35-14(a)(6)"[1] based on his prior convictions under the 2001 indictments.

On March 5, 2018, defendant filed a PCR application challenging the second-degree convictions under the 2001 indictments that now rendered him statutorily ineligible for drug court. Defendant argued that the probationary sentence imposed on his second-degree drug charges was illegal because the sentencing judge failed to make the requisite findings to overcome the presumption of incarceration applicable to second-degree offenses. Defendant also argued that he was denied effective assistance of counsel because his attorney failed to advise him that his guilty pleas could bar him from drug court in the future.

---

[1] Under N.J.S.A. 2C:35-14(a)(6), a person is ineligible for drug court if he has "been previously convicted on two or more separate occasions of crimes of the first or second degree," other than designated offenses that do not apply here.

On June 15, 2018, following oral argument, the PCR judge denied defendant's application to vacate the second-degree convictions or withdraw his corresponding guilty pleas. In an oral opinion, the judge first addressed defendant's contention that "his sentence [was] unlawful because the sentencing court's findings [did] not support the imposition of a probationary term" and did not overcome the presumption of incarceration for second-degree offenses. See N.J.S.A. 2C:44-1(d) (requiring the imposition of a sentence of imprisonment upon conviction for "a crime of the first or second degree . . . unless, having regard to the character and condition of the defendant, [the court] is of the opinion that the defendant's imprisonment would be a serious injustice which overrides the need to deter such conduct by others").

The PCR judge acknowledged that despite finding that the "aggravating factors predominated" over the "mitigating factors," the sentencing court nonetheless "sentenced . . . defendant to probation." However, the PCR judge determined that because defendant's claim for vacating his sentence rested on "the sentencing court's findings[] concerning aggravating and mitigating factors" and the "balancing of [the] factors," "[s]uch a challenge . . . should have been made on direct appeal" and was "not cognizable as a claim for post-conviction relief."

In that regard, the judge relied on <u>State v. Flores</u>, 228 N.J. Super. 586, 595 (App. Div. 1988), where we explained that

> [w]hile an "illegal" sentence is correctable at any time, . . . this limited exception to the general rule should be confined to cases in which the quantum of the sentence imposed is beyond the maximum provided by law or where the term set by the court is not authorized by any statutory provision.

In contrast, we determined in <u>Flores</u> that "questions concerning the adequacy of the sentencing court's findings and the sufficiency of the weighing process employed should be addressed only by way of direct appeal." <u>Ibid.</u> The PCR judge concluded that because the sentence did not "fall[] outside of the maximum term," it was not illegal and, under <u>Flores</u>, should have been addressed on direct appeal.

Next, the judge rejected defendant's ineffective assistance of counsel (IAC) claim, finding defendant failed to show that either counsel's performance was deficient under the standard set forth in <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in <u>State v. Fritz</u>, 105 N.J. 42, 49-53 (1987), or that he was prejudiced as required under the second prong of the <u>Strickland</u>/<u>Fritz</u> test. The judge determined "defense counsel's performance was hardly deficient" as "it [was] hard to imagine a more favorable outcome for . . . defendant short of a dismissal." The judge also rejected

defendant's claim "that defense counsel had a duty to warn him of the consequences" of his plea in relation to drug court. In support, the judge pointed out that defendant failed to "identif[y] any case law that impose[d] an affirmative duty to apprise the defendant of the impact of his plea on any future eligibility for [d]rug [c]ourt" and noted that "courts have held that there is no constitutional requirement to explain the . . . possible or even potential enhancement consequences of future abhorrent conduct."[2]  See State v. Wilkerson, 321 N.J. Super. 219, 227 (App. Div. 1999) (concluding that defense counsel's failure to advise his client "of possible or even potential enhancement consequences of future aberrant conduct is not [IAC]").

Turning to the prejudice prong, the judge explained that "defendant has failed to articulate or establish a reasonable probability he would have rejected the plea offer for a probationary sentence and gone to trial." The judge pointed out that given the number and severity of the charges, "the risks of going to trial were significant." Thus, the judge found it was "incredible to believe . . . defendant would have rejected a probationary offer simply to keep his options

_____

[2] The judge noted an exception to this rule for "enhanced penalties for second or subsequent convictions" for "DWI offenses, motor vehicle thefts, . . . and penalties for driving while suspended," none of which applied here. See e.g. State v. Patel, 239 N.J. 424 (2019); State v. Gaitan, 209 N.J. 339, 381 (2012); State v. Laurick, 120 N.J. 1 (1990).

open for [d]rug [c]ourt just in case he accrued a future criminal conviction." See State v. DiFrisco, 137 N.J. 434, 457 (1994) (holding that in order to establish the Strickland prejudice prong to set aside a guilty plea based on IAC, a defendant must show "that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial") (alteration in original) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)); see also State v. Maldon, 422 N.J. Super. 475, 486 (App. Div. 2011) ("'[T]o obtain relief on this type of claim, a [defendant] must convince the court that a decision to reject the plea bargain'" and "insist on going to trial" would have been "'rational under the circumstances'" and, "in fact, that he probably would have done so[.]" (quoting Padilla v. Kentucky, 559 U.S. 356, 372 (2010) (alteration in original))).

Finally, the judge analyzed defendant's motion to withdraw his guilty pleas under the four factors enunciated in State v. Slater, 198 N.J. 145, 157-58 (2009), namely, "(1) whether the defendant has asserted a colorable claim of innocence; (2) the nature and strength of defendant's reasons for withdrawal; (3) the existence of a plea bargain; and (4) whether withdrawal would result in unfair prejudice to the State or unfair advantage to the accused." In denying defendant's post-sentence plea withdrawal motion, the judge concluded "[t]his

12

[was] not a case of manifest injustice."  See id. at 158 ("post-sentence motions are subject to the 'manifest injustice' standard in Rule 3:21-1").

The judge explained:

> First, [defendant] has not presented a colorable claim of innocence, second, the nature and strength of defendant's [reasons] for withdrawing are not entitled to significant weight, . . . defendant has already served the sentence, and . . . defendant is pressing this PCR simply to become eligible for [d]rug [c]ourt and circumvent the statutory bar.
>
> In other words, he regrets the . . . . [c]ollateral consequences of his plea.  Thus he has not identified any compelling, . . . fair or just reasons for withdraw[al] . . . .  Third, this is a plea agreement which certainly tilts in favor of the State but this factor alone is not significant.
>
> Finally, the unfair prejudice to the State is apparent as defendant pled guilty to this charge over [fifteen] years ago.  To put it mildly, it would be exceptionally difficult for the State to prosecute this case.

The judge noted further that because defendant "was admitted into [d]rug [c]ourt on separate charges in 2007," and thereby previously "received the benefit of [d]rug [c]ourt," a "denial of a second opportunity . . . does not constitute a denial of fundamental fairness or result in any form of injustice."

13

The judge entered a memorializing order on June 25, 2018.[3] On the same date, the judge entered an order denying "[d]efendant's motion to appeal his drug court denial" based on the court's rejection of defendant's PCR challenge and affirmation that the 2002 convictions rendered him statutorily ineligible. Defendant ultimately entered a negotiated guilty plea to count two of Indictment No. 17-09-0163, charging him with second-degree distribution of CDS stemming from him selling more than one-half ounce of cocaine in 2016 to a confidential informant. On June 29, 2018, defendant was sentenced in accordance with the plea agreement to a prison term of seven years and two months, with a forty-three month period of parole ineligibility. A conforming judgment of conviction was entered on July 5, 2018, and these appeals followed.

II.

In both appeals, defendant argues the PCR judge "erred in denying [his] PCR [application] because he established that his conviction[s] should be set aside based on the illegal sentence provided for in the plea agreement and imposed by the sentencing court." Defendant reiterates his contention that "[he] should have been permitted to withdraw his guilty pleas" because "the

---

[3] The order was amended on October 24, 2018, to correct the indictment numbers.

sentencing court did not impose a sentence of imprisonment as was presumptively required for second degree crimes under N.J.S.A. 2C:44-1(d)" and "[t]here was no legal basis for the court to impose a probationary sentence." According to defendant, had the PCR judge ruled correctly and permitted defendant to vacate "his guilty pleas . . . on the two second[-]degree charges," he would have been "eligible for drug court" under the 2017 indictment. Thus, defendant's inter-related arguments in both appeals center on the propriety of the judge's decision denying his PCR application.[4]

In State v. Thomas, we reiterated that:

> Illegal sentences are "(1) those that exceed the penalties authorized by statute for a particular offense and (2) those that are not in accordance with the law, or stated differently, those that include a disposition that is not authorized by our criminal code." "In other words, even sentences that disregard controlling case law or rest on an abuse of discretion by the sentencing court are legal so long as they impose penalties authorized by statute for a particular offense and include a disposition that is authorized by law."
>
> [459 N.J. Super. 426, 434 (App. Div. 2019) (first quoting State v. Schubert, 212 N.J. 295, 308 (2012); then quoting State v. Hyland, 238 N.J. 135, 146 (2019)).]

---

[4] Defendant does not appear to dispute that if his 2002 convictions stand, he is statutorily ineligible for drug court for the 2017 indictment.

In Thomas, the State sought to appeal the imposition of a probationary sentence on a defendant convicted of third-degree aggravated assault stemming from a domestic violence incident. Id. at 430. Although the sentencing judge found aggravating factor fifteen based on the fact that "[t]he offense involved an act of domestic violence . . . and the defendant committed at least one act of domestic violence on more than one occasion," N.J.S.A. 2C:44-1(a)(15), the judge rejected the State's reliance on "the statutory presumption of incarceration" contained in N.J.S.A. 2C:44-1(d) to support its position that a sentence of imprisonment was statutorily mandated. Thomas, 459 N.J. Super at 431.

We noted that "N.J.S.A. 2C:44-1(d) imposes a presumption of incarceration when a defendant is convicted of a third-degree crime and the trial court finds aggravating factor fifteen applies," and that the presumption could only "be overcome if the trial judge finds, after considering the defendant's 'character and condition,'" that "incarceration would cause a 'serious injustice which overrides the need to deter such conduct by others.'" Id. at 434-35. We also acknowledged that a "'[s]erious injustice' is generally difficult for a defendant to prove and a defendant must show he or she is 'so idiosyncratic that

incarceration . . . for the purposes of general deterrence is not warranted.'" Id. at 435 (quoting State v. Jarbath, 114 N.J. 394, 408-09 (1989)).

However, in Thomas, we rejected the State's characterization of the sentence as "illegal" based on its contention that "defendant failed to show he was 'idiosyncratic'" as well as its position that "the judge applied inappropriate facts" and failed to "adequately explain" why incarceration would cause defendant a "serious injustice." Ibid. We concluded that "[e]ven if the court's reasoning was inadequate, that deficiency did not render the sentence illegal" because "sentences authorized by law but premised on an abuse of discretion are not illegal . . . ." Ibid. (quoting Hyland, 238 N.J. at 147). See also State v. Balfour, 135 N.J. 30, 41 (1994) ("[T]he presence of a guilty plea and a plea agreement can be an important factor to be weighed in the sentencing decisions" and "when properly justified by the circumstances, . . . does not demonstrate a trial court's abuse of its sentencing discretion.").

Likewise, here, we agree with the PCR judge and reject defendant's contention that the plea agreement and resulting sentence were illegal. Because N.J.S.A. 2C:44-1(d) authorizes the imposition of a probationary sentence on a second-degree offense if the statutory criteria are met, the disposition is clearly authorized by law. Further, as in Thomas, even if the sentencing court's

reasoning in imposing the probationary sentence was inadequate, "that deficiency did not render the sentence illegal." 459 N.J. Super. at 435. "A finding to the contrary would conflate sentence illegality with judicial abuse of discretion, and undermine [our Supreme] Court's consistently narrow construct of which sentences it deems illegal." Hyland, 238 N.J. at 147. Thus, because our "jurisprudence makes clear that sentences authorized by law but premised on an abuse of discretion are not illegal," ibid., we find that the 2002 sentence was not illegal and agree with the PCR judge that defendant's claim is "not cognizable as a claim for post-conviction relief."[5]

In the alternative, defendant argues that his bargained-for Brimage[6] sentence[7] should be "modified" because it "shocks the conscience." Defendant

---

[5] Defendant does not expressly argue that the PCR judge erred in rejecting his claim based on IAC or in denying his post-sentence motion to withdraw his 2002 guilty pleas under Slater. However, in the interest of completeness, we affirm those decisions for the sound reasons expressed by the judge. Nonetheless, we note that failure to advance an argument effectively waives that argument on appeal. See N.J. Dep't of Envtl. Prot. v. Alloway Twp., 438 N.J. Super. 501, 505 n.2 (App. Div. 2015) ("An issue that is not briefed is deemed waived upon appeal.").

[6] State v. Brimage, 153 N.J. 1 (1998).

[7] The State "bargained away its right to seek a mandatory extended term [under N.J.S.A. 2C:43-6(f)] as a part of its negotiated plea agreement with defendant." State v. Courtney, 243 N.J. 77, 88-89 (2020).

asserts the judge's finding of aggravating factors "lacked the necessary qualitative analysis," and his failure to find mitigating factor eleven "due to the hardship of a lengthy prison sentence on his dependents" was error.

We review sentences "in accordance with a deferential standard," State v. Fuentes, 217 N.J. 57, 70 (2014), and acknowledge "that appellate courts should not 'substitute their judgment for those of our sentencing courts.'" State v. Cuff, 239 N.J. 321, 347 (2019) (quoting State v. Case, 220 N.J. 49, 65 (2014)). Thus, we will

> affirm the sentence unless (1) the sentencing guidelines were violated; (2) the aggravating and mitigating factors found by the sentencing court were not based upon competent and credible evidence in the record; or (3) "the application of the guidelines to the facts of [the] case makes the sentence clearly unreasonable so as to shock the judicial conscience."
>
> [Fuentes, 217 N.J. at 70 (alteration in original) (quoting State v. Roth, 95 N.J. 334, 364-65 (1984)).]

"While the sentence imposed must be a lawful one, the court's decision to impose a sentence in accordance with the plea agreement should be given great respect, since a 'presumption of reasonableness . . . attaches to criminal sentences imposed on plea bargain defendants.'" State v. S.C., 289 N.J. Super. 61, 71 (App. Div. 1996) (quoting State v. Sainz, 107 N.J. 283, 294 (1987)). See

also <u>Fuentes</u>, 217 N.J. at 70-71 ("A sentence imposed pursuant to a plea agreement is presumed to be reasonable . . . .").

Here, the judge found aggravating factors three, six, and nine based on defendant's prior criminal record, particularly his prior drug related convictions and his prior failed attempt at drug treatment. <u>See</u> N.J.S.A. 2C:44-1(a)(3) ("[t]he risk that . . . defendant will commit another offense"); N.J.S.A. 2C:44-1(a)(6) ("[t]he extent of . . . defendant's prior criminal record and the seriousness of the offenses of which he has been convicted"); N.J.S.A. 2C:44-1(a)(9) ("[t]he need for deterring . . . defendant and others from violating the law"). The judge also determined there were no mitigating factors, rejecting defendant's proffer of mitigating factor eleven. <u>See</u> N.J.S.A. 2C:44-1(b)(11) ("[t]he imprisonment of the defendant would entail excessive hardship to the defendant or the defendant's dependents").

In that regard, the judge acknowledged that defendant had "four children" ranging "in age from [fifteen] to six," and that the mother of three of the children was deceased. The judge noted that those three children were "residing with [defendant's] mother" and "the fourth child [was] in the custody of the child's mother." However, according to the judge, while it was "a very unfortunate situation," it did not justify finding mitigating factor eleven given the existence

20

of "a support arrearage of a bit more than [$2000]" and defendant's assertion that "part of the reason for the drug sales was that he needed to support the children."

Notwithstanding the overwhelming aggravating factors and dearth of mitigating factors, the judge determined that "[t]he negotiated sentence" was "within the authorized range," "fair," and "in the interest of justice," and sentenced defendant accordingly. Applying our deferential standard of review, we are satisfied that the judge's findings are amply supported by the record, that the sentence comports with the guidelines, and that the sentence does not reflect an abuse of discretion or shock our judicial conscience.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

21                                                                    A-3199-18