# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0717-24

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

SHAWN BOVASSO,

    Defendant-Appellant.

_____

> Argued October 23, 2025 – Decided December 11, 2025
>
> Before Judges Mawla and Bishop-Thompson.
>
> On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 18-07-0109.
>
> Michael Confusione argued the cause for appellant (Hegge & Confusione, LLC, attorneys; Michael Confusione, of counsel and on the briefs).
>
> Brian Uzdavinis, Deputy Attorney General, argued the cause for respondent (Matthew J. Platkin, Attorney General, attorney; Brian Uzdavinis, of counsel and on the brief).

PER CURIAM

This matter returns to us after we vacated defendant's prior illegal sentence and remanded to the Law Division to afford defendant the opportunity to withdraw his guilty plea. State v. Bovasso, No. A-1107-19 (App. Div. Aug. 20, 2020) (slip op. at 7). On remand, defendant withdrew his prior guilty plea and subsequently entered a new negotiated guilty plea to second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(b)(5)(a)(iii). Defendant now asserts the imposition of the mandatory custodial sentence violates double jeopardy because he has served the original probationary sentence. Having reviewed the record in light of the parties' arguments and governing legal principles, we affirm.

I.

We incorporate by reference the facts and procedural history set forth in our initial opinion, which need not be repeated here. Bovasso, slip op. at 2-4. As noted in our opinion, we vacated defendant's noncustodial sentence and remanded the matter to the trial court for further proceedings to allow defendant to withdraw his guilty plea. Id. at 7. We also rejected defendant's argument the State's failure to raise the issue of an illegal sentence before the trial court precluded it from withdrawing the negotiated plea agreement, and a five-year prison sentence would violate double jeopardy. Ibid. We denied defendant's

2

request to award sentencing credit or other equitable relief for the five years spent under the original probationary sentence prior to its vacatur, explaining: "N.J.S.A. 2C:44-1(f)(2) states:   '[I]f the court imposes a noncustodial or probationary sentence upon conviction for a crime of the . . . second degree, [the] sentence shall not become final for [ten] days in order to permit the appeal of [the] sentence by the prosecution.'"   Ibid. (first and third alterations in original).  Therefore, we concluded the State timely appealed and the matter was stayed.  Ibid.

On remand, defendant withdrew his prior guilty plea and subsequently pleaded guilty to the same charge pursuant to a new negotiated plea agreement. The trial court resentenced defendant to the statutorily mandated minimum of five years' incarceration without parole eligibility, Megan's Law registration, and the relevant statutory fines and assessments.  It denied defendant's request to award sentencing credit, or grant any other form of equitable relief, for the five years he spent under the original probationary sentence prior to its vacatur. The court determined it had no authority to award such credit because defendant had not been in "confinement" as required by Rule 3:21-8 and State v. Black, 153 N.J. 438, 456 (1998).

3

A-0717-24

II.

On appeal, defendant presents the following argument:

> The Law Division's Judgment of Conviction imposing
> a five-year prison sentence without parole violated . . .
> defendant's double jeopardy rights or at least his right
> to fundamental fairness under New Jersey law.

Our review of a sentence is guided by an abuse of discretion standard. State v. Jones, 232 N.J. 308, 318 (2018); see State v. Torres, 246 N.J. 246, 272 (2021). We apply a "deferential standard" of review. State v. Trinidad, 241 N.J. 425, 453 (2020) (quoting State v. Fuentes, 217 N.J. 57, 70 (2014)). Thus, we defer to the sentencing court's factual findings and should not "second-guess" them. State v. Case, 220 N.J. 49, 65 (2014).

We again reject defendant's renewed argument his double jeopardy rights were violated. It is well-settled the Double Jeopardy Clauses provide that no person shall be tried twice for the same criminal offense. U.S. Const. amend. V; N.J. Const. art. I, ¶ 11. The constitutional double jeopardy protections "preclude imposing on a defendant 'multiple punishments for the same offense.'" State v. Schubert, 212 N.J. 295, 304-05 (2012) (quoting Jones v. Thomas, 491 U.S. 376, 381 (1989)).

Defendant misreads State v. Thomas, 459 N.J. Super. 426, 433-34 (App. Div. 2019). He asserts, as the defendant in Thomas, the State took no action to

4

obtain a stay and prevent an execution of his probation sentence while it pursued its appeal. In Thomas, we explained, "[w]hen the State appeals a sentence, it implicates 'the prohibitions against multiple punishment incorporated in the double jeopardy provisions of the Federal and State Constitutions.'" Id. at 433 (quoting State v. Johnson, 376 N.J. Super. 163, 171 (App. Div. 2005)). We adhered to this principle in defendant's prior appeal, concluding the matter was stayed.

Moreover, defendant had no legitimate expectation of finality in his probation sentence at the time the State notified both him and the trial court of its intention to appeal, and subsequently perfected that appeal within the prescribed time limits. See United States v. DiFrancesco, 449 U.S. 117, 136 (1980); State v. Sanders, 107 N.J. 609, 619-20 (1987). Defendant was fully aware appellate review had not been exhausted by the State.

Finally, the record demonstrates the State placed defendant on notice of the ten-day provision when it identified Rule 2:9-3(c) and the ten-day mandatory stay of sentencing at the sentencing hearing. We again conclude the State timely appealed, and as a result, the matter was stayed. Accordingly, defendant could not have had a legitimate expectation of finality in his original probation sentence pending the outcome of the State's appeal.

5

Defendant's remaining arguments lack sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-0717-24